UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| JACQUELINE AMES, | ) |
| | ) |
| | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| HSBC BANK USA, N.A., | ) |
| 1105 North Market Street | CASE NUMBER 1:06CV02039 |
| Suite 1 | |
| Wilmington, Delaware 19801 | JUDGE: Rosemary M. Collyer |
| | DECK TYPE: Contract |
| Defendant. | DATE STAMP: 11/29/2006 |

## NOTICE OF REMOVAL

Please take notice that defendant HSBC Bank USA, N.A. ("HSBC")

respectfully removes this action from the Superior Court of the District of Columbia to

the United States District Court for the District of Columbia upon the basis of diversity

jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) in accordance with the procedures under

28 U.S.C. § 1446, and sets forth in support of its notice the following:

1.      On September 26, 2006, plaintiff Jacqueline Ames ("Plaintiff")

commenced a civil action against HSBC by filing a Summons and Complaint in the

Superior Court of the District of Columbia.  A true and correct copy of the Summons and

Complaint are attached hereto as Exhibit A.

2.      On September 26, 2006, the Superior Court of the District of Columbia

issued an initial order directing HSBC to file an answer within 20 days from the date of

service and appear for a scheduling conference January 5, 2007.  Attached hereto as Exhibit B is the Initial Order of the Superior Court of the District of Columbia.

3.     On or about October 30, 2006, HSBC was served with Plaintiff's Summons and Complaint.

4.     Pursuant to 28 U.S.C. § 1446(b), the Notice of Removal is being filed within 30 days after October 30, 2006, the date that HSBC was served with the Summons and Complaint and received actual notice of Plaintiff's initial pleading.

5.     This Court possesses original jurisdiction to entertain this action pursuant to 28 U.S.C. § 1332(a)(1).

6.     Plaintiff is a natural person and a resident of the District of Columbia.

7.     HSBC is a national banking organization with its headquarters in the State of Delaware.

9.     Complete diversity exists between Plaintiff and HSBC.

10.    Plaintiff's Complaint alleges $100,000 in compensatory damages, exclusive of interest and costs.  Plaintiff's Complaint further alleges $100,000 in punitive damages.

11.    This Court, therefore, possesses original jurisdiction to entertain this action pursuant to 28 U.S.C. § 1332(a)(1), and the suit is removable to this Court in accordance with the procedures set forth in 28 U.S.C. §§ 1441 and 1446.

13.    HSBC appears specifically to effect removal of the State action, and nothing in this Notice shall be construed as a general appearance or as a waiver of any of the defenses set forth in Federal Rule of Civil Procedure 12, including but not limited to insufficiency of process or service of process, failure to join an indispensable party,

failure to plead fraud with particularity, and failure to state a claim upon which relief can be granted due to the applicable statute of limitations, *res judicata*, unclean hands, laches and estoppel.

14.    HSBC further reserves the right to assert admissions and denials to the allegations of the Complaint, as well as counter-claims and third-party claims, including but not limited to indemnification, following removal of the State action to this Court.

15.    HSBC will provide written notice of the filing of this Notice of Removal to Plaintiff as required by 28 U.S.C. § 1446(d).

16.    A copy of this Notice of Removal is concurrently being filed with the Clerk of the Superior Court of the District of Columbia.

WHEREFORE, HSBC respectfully requests that this action proceed in this Court as an action properly removed thereto.

Dated:  November 29, 2006

Respectfully Submitted,

By:  _____
David S. Cohen  (DC Bar No. 450107)
MILBANK TWEED HADLEY & McCLOY LLP
1850 K Street, N.W., Suite 1100
Washington, DC 20006
Tel: (202) 835-7517
Attorney for Defendant HSBC Bank USA, N.A.

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on November 29, 2006, I caused to be served by United

Postal Service copies of "NOTICE OF REMOVAL" addressed as follows:

> Patricia L. Payne
> Payne & Associates, Ltd.
> 1250 24th Street, NW Suite 300
> Washington, D.C. 20037
> Tel: (202) 835-1610

*Rebecca L Belma*

**SCR CIV FORM 1-A**
Notice and Acknowledgment for Service by Mail
**SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
Civil Division

| | |
|---|---|
| Jacqueline Ames | |
| *Plaintiff* | |

V.                                    Civil Action Number  2006-CA-007250-B

| |
|---|
| HSBC BANK USA, N.A. |
| *Defendant* |

## NOTICE

To:    Name  Scott Miller, Deputy General Counsel, HSBC BANK USA, N.A.

Address  One HSBC Center

Buffalo, NY 14203

The enclosed summons, complaint and initial order are served pursuant to Rule 4(c)(4) of the Superior Court Rules of Civil Procedure.

You must sign and date the Acknowledgement. If you are served on behalf of a corporation, unincorporated association (including a partnership), or other entity, you must indicate under your signature your relationship to that entity. If you are served on behalf of another person and you are authorized to receive process, you must indicate under your signature your authority.

If you do not complete and return the form to the sender within twenty (20) days after it has been mailed, you (or the other party on whose behalf you are being served) may be required to pay any expenses incurred in serving a summons, complaint and initial order in any other manner permitted by law.

If you do complete and return this form, you (or the other party on whose behalf you are being served) must answer the complaint within twenty (20) days after you have signed, dated and returned the form.    If you fail to do so, judgment by default may be taken against you or the relief demanded in the complaint.

This Notice and Acknowledgment of Receipt of Summons, Complaint and Initial Order was mailed on (insert date)  09/25/2006

Signature                                    Date of Signature  09/25/2006

### Acknowledgment of Receipt of Summons, Complaint and Initial Order

I received a copy of the summons, complaint and initial order in the above captioned matter at

(address)

Signature                    Relationship to Defedant/Authority          Date of Signature
                             To Receive Service

Form CV(6)-1590/Mar 97                                              10/30/06



# SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

JACQUELINE AMES
    Vs.                                  C.A. No.      2006 CA 007250 B
HSBC BANK USA, N.A.

## INITIAL ORDER

       Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("SCR Civ") 40-I, it is hereby **ORDERED** as follows:

       (1) Effective this date, this case has assigned to the individual calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption. On filing any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

       (2) Within 60 days of the filing of the complaint, plaintiff must file proof of serving on each defendant: copies of the Summons, the Complaint, and this Initial Order, and any General Order issued by the judge to whom the case is assigned. As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in SCR Civ 4(o).

       (3) Within 20 days of service as described above, except as otherwise noted in SCR Civ 12, each defendant must respond to the Complaint by filing an Answer or other responsive pleading. As to the defendant who has failed to respond, a default and judgment will be entered unless the time to respond has been extended as provided in SCR Civ 55(a).

       (4) At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge at an Initial Scheduling and Settlement Conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients **prior** to the conference whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this Conference.**

       (5) Upon advice that the date noted below is inconvenient for any party or counsel, the Quality Review Branch (202) 879-1750 may continue the Conference **once**, with the consent of all parties, to either of the two succeeding Fridays. Request must be made not less than six business days before the scheduling conference date. No other continuance of the conference will be granted except upon motion for good cause shown.

                                                    Chief Judge Rufus G. King, III

Case Assigned to:  Judge GERALD I FISHER
Date:   September 26, 2006
Initial Conference: 9:30 am, Friday, January 05, 2007
Location:   Courtroom A-50
               515 5th Street N.W.
               WASHINGTON, DC 20001

Caio.doc

CA Form 1

## Superior Court of the District of Columbia
### CIVIL DIVISION
500 Indiana Avenue, N.W., Room JM-170
Washington, D.C. 20001 Telephone: 879-1133

Jacqueline Ames

*Plaintiff*

vs.

HSBC Bank USA, N.A.

*Defendant*

Civil Action No. 007250-06

## SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon your exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government you have 60 days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Room JM 170 at 500 Indiana Avenue, N.W. between 9:00 am. and 4:00 pm., Mondays through Fridays or between 9:00 am. and 12:00 Noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

*Clerk of the Court*

Patricia L. Payne, Esq.

Name of Plaintiff's Attorney

Payne & Assoc., 1250 24th St, NW, Ste 300

Address

Washington, DC 20037

(202) 835-1610

Telephone

By _____
Deputy Clerk

Date September 26, 2006

PUEDE OBTENERSE COPIAS DE ESTE FORMULARIO EN ESPANOL EN EL TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA, 500 INDIANA AVENUE, N.W., SALA JM 170

YOU MAY OBTAIN A COPY OF THIS FORM IN SPANISH AT THE SUPERIOR COURT OF D.C., 500 INDIANA AVENUE, N.W., ROOM JM 170

Form CV(6)-465/Mar. 96

**NOTE:** SEE IMPORTANT INFORMATION ON BACK OF THIS FORM.

IMPORTANT: IF YOU FAIL TO SERVE AND FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, DO NOT *FAIL TO ANSWER WITHIN THE REQUIRED TIME*.

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (628-1 161) or the Neighborhood Legal Services (682-2700) for help or come to Room JM 170 at 500 Indiana Avenue, N.W., for more information concerning where you may ask for such help.

## IN THE SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
### (Civil Division)

JACQUELINE AMES
3726 Connecticut Avenue, NW
Washington, DC 20008

     Plaintiff,

v.

HSBC Bank USA, N.A.
452 Fifth Avenue
New York, NY 10018

     Defendant.

:
:
:
:
:
:
:
:
:
:
:
:
:
:
:

RECEIVED
Civil Clerk's Office
SEP 2 6 2006
Superior Court of the
District of Columbia
Washington, D.C.

Case No. _____

C007260-06

## COMPLAINT

**COMES NOW** Plaintiff Jacqueline Ames ("Ms. Ames" or "Plaintiff"), by counsel, and for her Complaint against the Defendant HSBC Bank USA, N.A. ("HSBC," "the Bank" or "Defendant") avers:

### PARTIES AND VENUE

1.    Plaintiff is a natural person and a resident of the District of Columbia.

2.    Upon information and belief, HSBC is a national banking organization with principal offices in the State of New York and which maintains offices and active operations in Washington, D.C. Substantially all acts and/or omissions relating to Plaintiff's claims against Defendant took place within Washington, D.C.

3.    Venue properly lies in the District of Columbia.

## JURISDICTION

4.    This Honorable Court has jurisdiction over this matter pursuant to D.C. Code § 11-921.

5.    This Honorable Court has jurisdiction over the Defendant pursuant to D.C. Code § 13-423(a)(1), (2), and (5).

## FACTUAL ALLEGATIONS

6.    Ms. Ames was originally hired by the Bank in approximately 1987 while she was a resident of New York State.  During the next 18 years, Ms. Ames established a distinguished career at HSBC and worked her way up from her initial position as teller to increasingly responsible positions including Assistant Vice President – Sales, Vice President – Branch Manager and, ultimately, Vice President of Embassy Banking & Business Development.

7.    In 2004, at the Bank's request and offer, Ms. Ames transferred from New York State to Washington, D.C. to assume the position of Vice President of Embassy Banking & Business Development.

8.    To induce her to continue her work relationship with the Bank, Ms. Ames was promised by HSBC that as part of her compensation she would be paid certain incentive commissions, bonuses, and other awards based on the performance of agreed-upon metrics.

9.    To induce her to continue her work relationship with the Bank, HSBC offered Ms. Ames approximately 5,000 stock options to purchase the Bank's stock pursuant to its stock option plan.

10.    Ms. Ames accepted the terms (including, without limitation, the incentive commissions, bonuses, and other awards, and stock options) offered to her by HSBC as part of her compensation, and continued working at the Bank forgoing other employment opportunities.

2

11.     From 1987 until her transfer to the Washington, D.C. office in 2004, Ms. Ames received numerous accolades and awards and superlative performance evaluations documenting her many important contributions to the Bank.

12.     After her transfer to the Washington, D.C. office in 2004, Ms. Ames observed a number of significant managerial and operational problems in the branch which she brought to the attention of her immediate supervisor, Mr. Seamus McMahon.

13.     Mr. McMahon resented the constructive criticism and suggestions offered by Ms. Ames.  He assigned Mr. Kevin Kavanah to supervise Ms. Ames and to serve as a new layer of management between Mr. McMahon and Ms. Ames.

14.     Thereafter, Mr. Kavanah began a steady effort to transfer away Ms. Ames' responsibilities to assigned embassy accounts in favor of less experienced men.  During this time Mr. Kavanah made increasingly hostile and critical remarks about various women in the office (including temporary employees Katie Tozer and Mary Earl) regarding their weight, professional appearance, and attire.

15.     Mr. Kavanah also strongly suggested that female employees under his watch should try to "fit the profile" that HSBC desired to project, and he requested that Ms. Ames begin to wear pantyhose – presumably in order to show off her legs.

16.     Ms. Ames attempted to raise her concerns about Mr. Kavanah's statements to Mr. McMahon but her efforts were rebuffed.  Ms. Ames then attempted to direct her concerns to other members of the HSBC management team (including Brendan McDonagh and Martin Glynn), but her efforts were intercepted by Mr. Kavanah.  Mr. Kavanah stated to Ms. Ames that she was not to contact any member of senior management with complaints, but rather she was to direct all issues to him.

3

17.    As part of her job, Ms. Ames was expected to develop and manage the embassy clients and accounts targeted by HSBC – which included lucrative accounts associated with the French, British and Saudi Embassies – as well as the affiliated accounts of the Saudi Royal Family.  Notwithstanding Ms. Ames' extraordinary success in bringing in these prestigious accounts, Mr. Kavanah and Virginia Fallon (District Support Officer) routinely made hostile ethnically discriminatory and biased comments regarding the clients served by Ms. Ames, including comments that Arab clients were "involved in September 11[th]," were "nothing but trouble," and that the Saudis were "nothing but a bunch of terrorists."  Ms. Ames was offended by these comments and affirmatively rejected them.

18.    Given that she was tasked to develop business with this key Middle Eastern country of Saudi Arabia, Ms. Ames complained about these comments to Mr. Kavanah.  She also complained to Mary Ellen Johnson (Senior Operations Executive in New York temporarily assigned to the Washington Office) about the overtly hostile statements made by Mr. Kavanah and Ms. Fallon, but was accused by Bank representatives of being "overly sensitive" about the comments.

19.    Ms. Ames also brought the offensive statements to the attention of Beth Bauman (HSBC Human Resources Director), but Ms. Bauman failed to follow up and otherwise refused to take any action.  As a consequence, Mr. Kavanah and Virginia Fallon continued their offensive conduct and pattern of behavior with relative impunity.

20.    Mr. Kavanah also made remarks to Ms. Ames attempting to link her more closely with the Saudis based on her skin color and he also stated that he had problems with people who have foreign accents.

4

21.     Ms. Ames attempted to discuss with Mr. Kavanah her increasing concerns regarding the hostile and poisonous atmosphere he was creating in the Washington, D.C. office; however, Mr. Kavanah reiterated Mr. McMahon's prior instruction that "any and all problems" were to be communicated solely to Mr. Kavanah.  He instructed Ms. Ames not to raise her concerns to anyone else in the organization, including Beth Bauman and Mr. McMahon.

22.     During the last few months of Ms. Ames' employment with HSBC, Mr. Kavanah attempted to engage in a discussion regarding Prince Faisal's private financial matters with persons and agents clearly not authorized to discuss such matters.  Mr. Kavanah's actions were sharply brought to Ms. Ames' attention by Prince Bandar's office shortly thereafter.

23.     When informed of Mr. Kavanah's actions, Ms. Ames became deeply concerned that Mr. Kavanah's actions might have violated sections of the Privacy Act, 15 U.S.C., Subchapter I, §§ 6801-6809.  She attempted to allay Prince Bandar's concerns while seeking assurances by Mr. Kavanah that he would not repeat his actions; however, Ms. Ames' efforts to rectify the situation were rebuffed by HSBC.

24.     Ms. Ames brought the situation to the attention of Ms. Alexine Von (Compliance Officer and a licensed attorney), who stated to Ms. Ames that she was equally troubled about Mr. Kavanah's statements and equally concerned about possible Privacy Act infractions.

25.     Given the significance of the problem and the fact that Mr. Kavanah was himself involved, Ms. Ames relayed the substance of her concerns to Beth Bauman (Human Resources) and Javier Evans (1st Vice President, Human Resources).  Neither Ms. Bauman nor Mr. Evans provided guidance or assistance to Ms. Ames or otherwise took any corrective action against Mr. Kavanah.

26.     Shortly thereafter, the Bank began to isolate Ms. Ames in the workplace and take other retaliatory actions against her.

27.     Within a few weeks following Ms. Ames' request that Mr. Kavanah cease discussing Prince Faisal's personal affairs, HSBC falsely accused Ms. Ames of accepting "kickbacks" from one of HSBC's embassy accounts – presumably the Saudi Embassy – and wrongly accused her of other undefined performance errors, including a trumped-up charge that she failed to clear a new client account in conformity with HSBC procedures.

28.     HSBC also refused to permit Ms. Ames the opportunity to rebut any of the charges and fired her shortly thereafter.

29.     Following the termination of her employment, HSBC refused to honor its contractual obligations to Ms. Ames relating to (a) earned commissions and bonuses earned for the third quarter (Q3) of 2004 ($35,000) and the fourth quarter (Q4) of 2004 ($35,000), and (b) $30,000 in a bonus vacation to South Africa – for a total of approximately $100,000.

30.     Ms. Ames was also informed that, because her employment was being terminated, she would be forced to forfeit approximately 5,000 unexercised stock options – causing her further economic damage.

## COUNT I
### *(Breach of Express Contract)*

31.     Ms. Ames hereby incorporates each of the above allegations as if fully restated herein.

32.     HSBC's actions described herein constitute a breach of the express terms of its contractual relationship with Ms. Ames.

33.     As a result of HSBC's breach of contract, Ms. Ames is owed an amount that will be established at trial but is believed to be approximately $100,000.

## COUNT II
*(Breach of Implied Contract)*

34.    Ms. Ames hereby incorporates each of the above allegations as if fully restated herein.

35.    HSBC's actions described herein constitute a breach of the implied terms of its contractual relationship with Ms. Ames.

36.    As a result of HSBC's breach of contract, Ms. Ames is owed an amount that will be established at trial but is believed to be approximately $100,000.

## COUNT III
*(Breach of Implied Covenant of Good Faith and Fair Dealing)*

37.    Ms. Ames hereby incorporates each of the above allegations as if fully restated herein.

38.    Ms. Ames made repeated demands for HSBC to honor its contractual obligations to her, but her efforts were consistently rebuffed.

39.    HSBC's refusal to make the payments called for in as a result of its contractual relationship with Ms. Ames is a continuation of its campaign of harassment against Ms. Ames and constitutes bad faith and unfair dealing.

40.    As a result of HSBC's breach of the covenant of good faith and fair dealing implied in every contract, Ms. Ames has incurred damages.

**WHEREFORE**, Ms. Ames prays for the following relief:

(a)    Judgment in favor of Ms. Ames and against HSBC for compensatory damages in an amount to be established at trial;

(b)    Prejudgment and post judgment interest;

(c)    Attorney's fees;

7

(d)    Punitive damages in the amount of $100,000 for taking these actions with malice
and bad faith; and

(e)    Such other and further relief as the Court may deem just and proper.

PLAINTIFF DEMANDS A JURY ON ALL ISSUES SO TRIABLE.

September 25, 2006

Respectfully submitted,

Patricia L. Payne, DC Bar # 317586
Payne & Associates
1250 24th St., N.W., Suite 300
Washington, DC 20037
(202) 835-1610

*Counsel for Plaintiff Jacqueline Ames*

8

# Superior Court of the District of Columbia
## CIVIL DIVISION — CIVIL ACTIONS BRANCH

## INFORMATION SHEET

| Jacqueline Ames |
| vs. |
| HSBC Bank USA, N.A. |

Case Number: [        ]

Date: [September 26, 2006]

**Name:**
Patricia L. Payne, Esq.
**Firm Name:**
Payne & Associates
Telephone No.: (202) 835-1610     Unified Bar No.: 317586

Relationship to Lawsuit
◉ Attorney for Plaintiff
○ Self (Pro Se)
Other: [        ]

TYPE OF CASE:   ○ Non-Jury     ◉ 6 Person Jury     ○ 12 Person Jury

Demand: $ 100,000.00     Other: [        ]

## PENDING CASE(S) RELATED TO THE ACTION BEING FILED

Case No. [        ]   Judge [        ]   Calendar # [        ]

Case No. [        ]   Judge [        ]   Calendar # [        ]

## NATURE OF SUIT:   *(Check One Box Only)*

**A. CONTRACTS**
- ☑ 01 Breach of Contract
- ☐ 02 Breach of Warranty
- ☐ 06 Negotiable Instrument
- ☐ 15 Other:
- ☐ 07 Personal Property
- ☐ 09 Real Property-Real Estate
- ☐ 12 Specific Performance

**COLLECTION CASES**
- ☐ 14 Under $25,000 Pltf. Grants Consent
- ☐ 16 Under $25,000 Consent Denied
- ☐ 17 OVER $25,000

**B. PROPERTY TORTS**
- ☐ 01 Automobile
- ☐ 02 Conversion
- ☐ 07 Shoplifting, D.C. Code § 3441
- ☐ 03 Destruction of Private Property
- ☐ 04 Property Damage
- ☐ 05 Trespass
- ☐ 06 Other:

**C. PERSONAL TORTS**
- ☐ 01 Abuse of Process
- ☐ 02 Alienation of Affection
- ☐ 03 Assault and Battery
- ☐ 04 Automobile
- ☐ 05 Deceit (Misrepresentation)
- ☐ 06 False Accusation
- ☐ 07 False Arrest
- ☐ 08 Fraud
- ☐ 09 Harassment
- ☐ 10 Invasion of Privacy
- ☐ 11 Libel and Slander
- ☐ 12 Malicious Interference
- ☐ 13 Malicious Prosecution
- ☐ 14 Malpractice Legal
- ☐ 15 Malpractice Medical
- ☐ 16 Negligence
- ☐ 17 Personal Injury
- ☐ 18 Wrongful Death
- ☐ 19 Wrongful Eviction
- ☐ 20 Other:
- ☐ 21 Asbestos
- ☐ 22 Toxic/Mass Torts

Form CV(6)-496/Feb. 95

**D.  OTHERS**

I.
- ☐  01  Accounting
- ☐  02  Att. Before Judgment
- ☐  04  Condemnation (Emin. Domain)
- ☐  05  Ejectment
- ☐  07  Insurance/Subrogation Under $25,000 Pltf. Grants Consent
- ☐  08  Quiet Title
- ☐  09  Special Writ (Specify)

- ☐  10  T.R.O./Injunction
- ☐  11  Writ of Replevin
- ☐  12  Enforce Mechanics Lien
- ☐  16  Declaratory Judgment
- ☐  17  Merit Personnel Act (D.C. Code Title 1, Chapter 6)
- ☐  18  Product Liability
- ☐  24  Application to Confirm, Modify, Vacate Arbitration Award (D.C. Code 164315)

- ☐  25  Other:
- ☐  26  Insurance/Subrogation Under $25,000  Consent Denied
- ☐  27  Insurance/Subrogation Over $25,000

II.
- ☐  03  Change of Name
- ☐  06  Foreign Judgment
- ☐  13  Correction of Birth Certificate
- ☑  14  Correction of Marriage Certificate

- ☐  15  Libel of Information
- ☐  19  Enter Administrative Order as Judgment [6-2713(h) or 36-3 19(a)]
- ☐  20  Master Meter (D.C. Code 43-541, et seq.)

- ☐  21  Petition for Subpoena [Rule 28-1(b)]
- ☐  22  Release Mechanics Lien
- ☐  23  Rule 27 (a)(l) (Perpetuate Testimony)

Court Name: District of Columbia
Division: 1
Receipt Number: 4616000566
Cashier ID: lwebb
Transaction Date: 11/29/2006
Payer Name: Milbank Tweed Hadley Mccloy
--------------------------------
CIVIL FILING FEE
  For: Milbank Tweed Hadley Mccloy
  Amount:        $350.00
--------------------------------
CHECK
  Check/Money Order Num: 020953
  Amt Tendered:  $350.00
--------------------------------
Total Due:       $350.00
Total Tendered:  $350.00
Change Amt:      $0.00

06-2038


Only when the bank clears the
check, money order, or verifies
credit of funds, is the fee or debt
officially paid or discharged. A
$45 fee will be charged for a
returned check.

# CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

## I (a) PLAINTIFFS

JACQUELINE AMES

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF** 11001
**(EXCEPT IN U.S. PLAINTIFF CASES)**

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**

Patricia L. Payne, Esq.
Payne & Associates
1250 24th Street, N.W., Suite 300
Washington, DC 20037
Tel: (202) 835-1610

## DEFENDANTS

HSBC BANK USA, N.A.

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT 88888
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF
LAND INVOLVED

ATTORNEYS (IF KNOWN)

David S. Cohen (DC Bar No. 450107)
Milbank, Tweed, Hadley & McCloy LLP
1850 K Street, N.W., Suite 1100
Washington, DC 20006
Tel: (202) 835-7517

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

○ 1 U.S. Government
Plaintiff

○ 3 Federal Question
(U.S. Government Not a Party)

○ 2 U.S. Government
Defendant

● 4 Diversity
(Indicate Citizenship of
Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX
FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) **FOR DIVERSITY CASES ONLY!**

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ● 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ● 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
**(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)**

○ **A.** *Antitrust*

☐ 410 Antitrust

○ **B.** *Personal Injury/
Malpractice*

☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

○ **C.** *Administrative Agency
Review*

☐ 151 Medicare Act

**Social Security:**
☐ 861 HIA (1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g))
**Other Statutes**
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If
Administrative Agency is Involved)

○ **D.** *Temporary Restraining
Order/Preliminary
Injunction*

Any nature of suit from any category may
be selected for this category of case
assignment.

*(If Antitrust, then A governs)*

○ **E.** *General Civil (Other)*     **OR**     ○ **F.** *Pro Se General Civil*

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or
defendant
☐ 871 IRS-Third Party 26
USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure
of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational
Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC
Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced &
Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/
Exchange
☐ 875 Customer Challenge 12 USC
3410
☐ 900 Appeal of fee determination
under equal access to justice
☐ 950 Constitutionality of State
Statutes
☐ 890 Other Statutory Actions (if
not administrative agency
review or Privacy Act

| ○ **G.** *Habeas Corpus/ 2255* | ○ **H.** *Employment Discrimination* | ○ **I.** *FOIA/PRIVACY ACT* | ○ **J.** *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment<br>(criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions<br>(if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans<br>(excluding veterans) |

| ○ **K.** *Labor/ERISA (non-employment)* | ○ **L.** *Other Civil Rights (non-employment)* | ⊙ **M.** *Contract* | ○ **N.** *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☒ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

## V. ORIGIN

○ 1 Original Proceeding    ⊙ 2 Removed from State Court    ○ 3 Remanded from Appellate Court    ○ 4 Reinstated or Reopened    ○ 5 Transferred from another district (specify)    ○ 6 Multi district Litigation    ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

28 U.S.C. 1441 - Removal from District of Columbia Superior Court

**VII. REQUESTED IN COMPLAINT**    CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23    DEMAND $ _____    Check YES only if demanded in complaint    JURY DEMAND:    YES ☒    NO ☐

**VIII. RELATED CASE(S) IF ANY**    (See instruction)    YES ☐    NO ☒    If yes, please complete related case form.

DATE    11-29-2006    SIGNATURE OF ATTORNEY OF RECORD    *David Sh* (signature)

## INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44
### Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

**I.**    COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

**III.**    CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

**IV.**    CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

**VI.**    CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

**VIII.**    RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.