UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

_____

JACQUELINE AMES,                            )
                                            )
                                            )
                                            )
    Plaintiff,                              )
                                            )
        vs.                                 )
                                            )
HSBC BANK USA, N.A.,                        )
                                            )
                                            ) Civil Action No. 06-2039-RMC
                                            )
    Defendant.                              )
_____         )

### DEFENDANT HSBC BANK USA, N.A.'S MOTION TO DISMISS

Defendant HSBC Bank USA, N.A. respectfully moves this Court to dismiss Plaintiff Jacqueline Ames' Complaint under Federal Rule of Civil Procedure 12(b)(6). The specific grounds for this motion and the authorities supporting this motion are set forth in the accompanying memorandum of law.

Dated: December 6, 2006            Respectfully Submitted,


                                   /s/ David S. Cohen
                                   David S. Cohen (D.C. Bar No. 450107)
                                   MILBANK, TWEED, HADLEY & MCCLOY LLP
                                   1850 K Street, N.W., Suite 1100
                                   Washington, D.C.  20006
                                   Tel: (202) 835-7500
                                   Fax: (202) 835-7586
                                   *Attorneys for Defendant HSBC Bank USA, N.A.*

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| JACQUELINE AMES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| HSBC BANK USA, N.A., | ) |
| | ) Civil Action No. 06-2039-RMC |
| Defendant. | ) |

## MEMORANDUM IN SUPPORT OF DEFENDANT HSBC BANK USA, N.A.'S MOTION TO DISMISS

Defendant HSBC Bank USA, N.A. ("HSBC" or "Defendant") hereby moves to dismiss Plaintiff Jacqueline Ames' ("Plaintiff") complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and Rule 7(a) of the Local Rules of the United States District Court for the District of Columbia.

## PRELIMINARY STATEMENT

On September 26, 2006, Plaintiff filed a complaint against HSBC (the "Complaint") in the Superior Court for the District of Columbia alleging three causes of action: breach of express contract; breach of implied contract; and breach of an implied covenant of good faith and fair dealing. On November 29, 2006, pursuant to 28 U.S.C. § 1441, HSBC removed Plaintiff's action to this Court. Plaintiff's Complaint includes twenty-five factual paragraphs purportedly in support of her three claims against HSBC. Most of the paragraphs, however, are entirely immaterial to Plaintiff's three asserted claims.

Plaintiff does not allege facts sufficient to support her claims and, therefore, each of Plaintiff's three claims fails under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Plaintiff's first claim, breach of an express contract, fails to allege facts to support the basic requirements of a breach of contract action. Although Plaintiff alleges that HSBC breached an 'express' contract, Plaintiff does not allege the identity of an express contract, any terms of that contract nor the manner in which HSBC supposedly breached it.

Plaintiff's second claim, breach of an implied contract, also fails for similar reasons. Plaintiff fails to allege any terms of the supposed implied contract, nor does she allege the manner in which HSBC violated it.[1] Furthermore, Plaintiff bases her second claim on the same facts supposedly supporting her breach of express contract claim, and District of Columbia law mandates that an implied contract can only exist in the absence of an express contract.

Finally, Plaintiff's third claim, breach of an implied covenant of good faith and fair dealing, fails under District of Columbia law because Plaintiff was an at-will employee of HSBC, and the District of Columbia does not recognize an action for breach of an implied covenant of good faith and fair dealing brought by an at-will employee. Because Plaintiff fails to state a claim upon which relief can be granted for each of her three claims, Plaintiff's Complaint must be dismissed in its entirety.

---

[1] HSBC assumes for the purposes of this motion that Plaintiff's claim for breach of implied contract is in alternative to her claim for breach of express contract, but due to the ambiguous nature of the Complaint, it is unclear whether Plaintiff is alleging one contract or two separate and distinct contracts.

# ARGUMENT

## I. STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) allows a defendant, in lieu of answering, to move to dismiss a complaint for failure to state a claim upon which relief can be granted. A motion to dismiss should be granted if it appears to the Court that the plaintiff can prove no set of facts in support of its claim which would entitle it to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

Although the Court must construe the Complaint in Plaintiff's favor for purposes of a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), it "'need not accept inferences drawn by the [Plaintiff] if such inferences are not supported by the facts set out it in the [C]omplaint.'" Alicke v. MCI Communications Corp., 111 F.3d 909, 912 (D.C. Cir. 1997) (quoting Kowal v. MCI Communications Corp., 16 F.3d 1271, 1276 (D.C. Cir. 1994)). Moreover, the Court need not consider conclusory legal and factual allegations. Domen v. Nat'l Rehab. Hosp., 925 F. Supp. 830, 837 (D.D.C. 1996) (citing Papasan v. Allain, 478 U.S. 265, 286 (1986)).

## II. PLAINTIFF'S BREACH OF AN IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING CLAIM MUST BE DISMISSED FOR FAILURE TO STATE A CLAIM

Plaintiff alleges that HSBC breached an implied covenant of good faith and fair dealing by refusing to make 'contractual' payments to Plaintiff as required by the supposed contract between Plaintiff and HSBC. See Complaint, ¶¶ 38-39. As an at-will employee of HSBC, however, Plaintiff cannot maintain a claim for breach of an implied covenant of good faith and fair dealing.

Plaintiff does not allege that her relationship with HSBC was anything other than 'at-will' employment. "Under the law of the District of Columbia, the mutual

3

promise to employ and serve creates a contract terminable 'at will' by either party." Bell v. Ivory, 966 F. Supp. 23, 29 (D.D.C. 1997) (quoting Sullivan v. Heritage Found., 399 A.2d 856 (D.C. 1979)); Reaves-Bey v. Karr, 840 A.2d 701, 704 (D.C. 2004) ("Absent expression of a specific term of duration in an employment relationship, there is a presumption that the employment is terminable at will by any party at any time."). Because Plaintiff does not allege that her employment with HSBC was for a specific term of duration, she is presumed under the law of the District of Columbia to have been an at-will employee of HSBC.[2]

Because Plaintiff was an at-will employee of HSBC, her claim for breach of an implied covenant of good faith and fair dealing **must** fail. "District of Columbia law does not recognize a claim for breach of an implied covenant of good faith and fair dealing when brought by an at-will employee." Gomez v. Trs. of Harvard Univ., 676 F. Supp. 13, 15 (D.D.C. 1987); see also Kerrigan v. Britches of Georgetowne, Inc., 705 A.2d 624, 627 (D.C. 1997) ("[A]s an at-will employee, 'plaintiff is not protected by an implied covenant of good faith and fair dealing.'") (citing trial court order of dismissal); Paul v. Howard Univ., 754 A.2d 297, 310 (D.C. 2000) ("[A] claim [for breach of an implied covenant of good faith and fair dealing] cannot be made by an at-will employee because there is no contract to provide a basis for the covenant."). Plaintiff does not allege any facts in the Complaint establishing anything other than an 'at-will' relationship

---

[2] Although "[t]he presumption of 'at will' employment can be overcome by the creation of a contract of employment for a fixed term or an indefinite contract that allows termination only for cause," Bell v. Ivory, 966 F. Supp. 23, 29 (D.D.C. 1997), Plaintiff's Complaint does not allege any facts that support a conclusion other than the fact that she was an at-will employee of HSBC.

4

between Plaintiff and HSBC and, therefore, Plaintiff's claim for a breach of an implied covenant of good faith and fair dealing must be dismissed.

### III. PLAINTIFF'S BREACH OF EXPRESS CONTRACT CLAIM MUST BE DISMISSED FOR FAILURE TO STATE A CLAIM

Plaintiff's Complaint contains twenty-five paragraphs of factual allegations in support of her breach of express contract claim, but none establish the existence of a valid and enforceable contract between Plaintiff and HSBC. Without alleging the terms or even existence of the purportedly breached contract, Plaintiff's claim must fail. See Fleming v. AT&T Info. Sys., Inc., Civ. A. No. 87-1329, 1987 WL 17600, at *2 (D.D.C. Sept. 16, 1987) (finding that plaintiff failed to allege in the complaint the terms and conditions of its employment relationship with defendant with sufficient particularity);[3] see also 17B C.J.S. Contracts § 642 (2006) ("[I]n alleging a breach of contract, the plaintiff's pleadings must allege facts sufficient to indicate the terms of the contract claimed to have been breached…. [M]aterial parts of the contract sued on must be stated in the plaintiff's pleading with certainty, fullness, and particularity so as to inform the court and the adverse party of the contract and obligation relied on as a basis for liability and damages."); VTech Holdings, Ltd. v. Pricewaterhouse Coopers, LLP, 348 F. Supp. 2d 255, 263 (S.D.N.Y. 2004) ("[A] plaintiff must allege the essential terms of a contract in a claim for breach of contract."); Highlands Ins. Co. v. PRG Brokerage, Inc., No. 01 Civ. 2272, 2004 WL 35439 at *8 (S.D.N.Y. Jan. 6, 2004) ("A breach of contract claim will be dismissed, however, as being too vague and indefinite, where the plaintiff fails to allege, in nonconclusory fashion, the essential terms of the

---

[3] Plaintiff alleges no pertinent terms of the alleged contract(s) supposedly existing between her and HSBC, including what governing law, if any, under which the supposed contract(s) are to be interpreted.

parties purported contract, including the specific provisions of the contract upon which liability is predicated.") (internal citations omitted); Am. Casual Dining, L.P. v. Moe's Southwest Grill, L.L.C., 426 F. Supp. 2d 1356, 1369 (N.D. Ga. 2006) ("Because [Plaintiff] cannot point to any contractual provision that [Defendant] breached …, [Plaintiff] cannot state a claim for breach of contract.").

Plaintiff alleges that "HSBC's actions described herein constitute a breach of the express terms of its contractual relationship with [Plaintiff]." See Complaint, ¶ 32. This allegation, however, neither establishes the existence of a valid and enforceable contract between Plaintiff and HSBC, nor does it allege any specific provision of the supposed contract that was allegedly violated. Plaintiff cannot maintain an action for breach of an **express** contract without even alleging that the supposed express contract exists or identifying the contractual provisions that were allegedly breached.

Furthermore, while Plaintiff alleges in conclusory fashion that HSBC breached the supposed express contract, nowhere does she allege in what manner HSBC did so. This is fatal to a breach of express contract action. See Gundlach v. Reinstein, 924 F. Supp. 684, 689 (E.D. Pa. 1996) ("Upon review, we conclude that the complaint fails to state a claim for relief under contract theory because it fails to identify the specific manner in which Defendants allegedly breached the contract.").

The Complaint alleges that Plaintiff was fired from her employment with HSBC after being "falsely accused" of taking kickbacks. See Complaint, ¶¶ 27-28. The Complaint also alleges in conclusory fashion that (presumably due to Plaintiff being fired from HSBC) "HSBC refused to honor its contractual obligations to [Plaintiff] relating to" commissions and bonuses for two fiscal quarters of 2004 and a vacation to South Africa.

6

Id. at ¶ 29.  But the Complaint fails to identify the express contract, the contractual provisions HSBC "refused to honor," the manner that HSBC's actions "relat[ed] to" such contractual provisions, or how HSBC "refused to honor" those contractual provisions.

Because Plaintiff's breach of express contract claim does not allege the existence of a valid and enforceable contract, does not identify any specific terms of that allegedly breached contract, and does not identify the manner that HSBC supposedly breached that contract, Plaintiff's breach of express contract claim must be dismissed for failure to state a claim.

### IV.  PLAINTIFF'S BREACH OF IMPLIED CONTRACT CLAIM MUST BE DISMISSED FOR FAILURE TO STATE A CLAIM

Plaintiff alleges a breach of implied contract against HSBC.  See Complaint, ¶¶ 34-36.  Plaintiff does not allege any additional facts to support her breach of implied contract claim, but rests on the same facts pleaded that purportedly support Plaintiff's allegations of a breach of express contract.  Id.  "Under District of Columbia law, **in the absence of an express contract**, a court may imply a contract from the course of the parties' conduct."  Grunseth v. Marriott Corp., 872 F. Supp. 1069, 1073 (D.D.C. 1995) (emphasis added); see also Richardson v. J. C. Flood Co., 190 A.2d 259, 261 (D.C. 1963) ("Contracts for work to be done are either express or implied- **express** when their terms are stated by the parties, **implied** when arising from a mutual agreement and promise not set forth in words.) (emphasis in original).  Plaintiff does not allege the existence of a mutual agreement or promise between Plaintiff and HSBC that purportedly forms the basis of her breach of implied contract claim against HSBC.  As alleged, Plaintiff's claim for a breach of an implied contract must fail.

Because Plaintiff's breach of implied contract claim relies on the same set of conclusory allegations as Plaintiff's breach of express contract claim, it suffers from the same fatal deficiencies. Plaintiff's breach of implied contract claim alleges a breach of an implied contract, but does not set forth any of the terms of the supposed contract nor does it describe in what manner the supposed implied contract was breached. "The elements of an express and an implied contract are the same." Grunseth, 872 F. Supp. at 1073 (internal citations omitted); see also Robinson v. Nussbaum, 11 F. Supp. 2d 10, 15 (D.D.C. 1997) ("Express and implied contracts have essentially the same elements, the difference between them merely being how each is proved."). Similar to Plaintiff's breach of express contract claim, the breach of implied contract claim fails to state a claim upon which relief can be granted. See VTech Holdings, Ltd., 348 F. Supp. 2d at 263; Gundlach, 924 F. Supp. at 689.

## CONCLUSION

For the foregoing reasons, this Court should dismiss with prejudice Plaintiff's Complaint in its entirety and award HSBC its reasonable costs and attorneys' fees in responding to the Complaint.

Dated: December 6, 2006              Respectfully Submitted,

/s/ David S. Cohen
David S. Cohen (D.C. Bar No. 450107)
MILBANK, TWEED, HADLEY & M<sup>C</sup>CLOY LLP
1850 K Street, N.W., Suite 1100
Washington, D.C. 20006
Tel: (202) 835-7500
Fax: (202) 835-7586
*Attorneys for Defendant HSBC Bank USA, N.A.*

8

CERTIFICATE OF SERVICE

I hereby certify that on December 6, 2006, I caused to be served by United Postal Service copies of "DEFENDANT HSBC BANK USA, N.A.'S MOTION TO DISMISS" addressed as follows:

>Patricia L. Payne
>Payne & Associates, Ltd.
>1250 24th Street, NW Suite 300
>Washington, D.C. 20037
>Tel: (202) 835-1610

/s/ Rebecca Belmar
Rebecca Belmar

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| JACQUELINE AMES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| HSBC BANK USA, N.A., | ) |
| | ) Civil Action No. 06-2039-RMC |
| Defendant. | ) |

**[PROPOSED] ORDER GRANTING DEFENDANT HSBC BANK USA, N.A.'S MOTION TO DISMISS**

This matter, having come before the Court on the motion of Defendant HSBC Bank USA, N.A. to dismiss the Complaint of Plaintiff Jacqueline Ames, and the Court having considered the declarations and evidence in support of said motion after giving the Plaintiff an opportunity to be heard, and being fully informed in the premises thereof, hereby GRANTS said motion.

IT IS HEREBY ORDERED that the Motion is GRANTED and Plaintiff's Complaint is hereby dismissed with prejudice in its entirety.

IT IS SO ORDERED.

Dated: _____, 2007        _____
                                     The Honorable Rosemary M. Collyer
                                     United States District Judge