UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| JACQUELINE AMES : <br> : <br> Plaintiff, : <br> : Case No. 06-2039-RMC <br> v. : <br> : <br> : ORAL HEARING <br> HSBC Bank USA, N.A. : REQUESTED <br> : <br> Defendant. : | |

PLAINTIFF'S OPPOSITION
TO DEFENDANT'S MOTION TO DISMISS

Plaintiff Jacqueline Ames, by and through counsel, hereby opposes Defendant's motion to dismiss all three counts of her complaint and states as follows:

**INTRODUCTION**

On September 26, 2006 Plaintiff filed a complaint against her former employer, HSBC Bank, USA, N.A. ("Defendant") in the Superior Court of the District of Columbia and service was timely effected on October 30, 2006. In her complaint Plaintiff asserts claims against Defendant under the following theories: (a) breach of express contract, (b) breach of implied contract, and (c) breach of good faith and fair dealing.

On November 29, 2006, Defendant filed a notice of removal in accordance with 28 U.S.C. §1446 transferring the case to federal district court on the basis of diversity jurisdiction pursuant to 28 U.S.C. §1332(a)(1). On December 6, 2006 Defendant filed a motion to dismiss all three counts of Plaintiff's claims for failure to state a claim.[1]

---

[1] Plaintiff draws to the Court's attention that Defendant apparently failed to file either an answer in accordance with the requirements of Rule 81(c), or a disclosure statement as required under Rule 7.1, of the Federal Rules of Civil Procedure.

1

Plaintiff submits this opposition in response and respectfully requests that the court deny Defendant's motion in its entirety.

## ARGUMENT

Defendant has moved to dismiss all three of Plaintiff's claims under Fed. R. Civ. P. 12(b)(6) for failure to state a claim. For the reasons set forth herein, the argument is unsupported by the facts asserted and applicable law. Accordingly, Defendant's motion must be denied in its entirety.

### I. STANDARD OF REVIEW.

To prevail on a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the moving party must show "beyond doubt that the plaintiff can prove no set of facts in support of his claim [that] would entitled him to relief. *Conley v. Gibson*, 355 U.S. 41, 44-46 (1957); *Kowal v. MCI Communications Corp*. 16 F.3d 1271, 1276 (D.C. Cir. 1994) (citing *Schuler v. United States*, 617 F.2d 605, 608 (D.C. Cir. 1979)). Thus, to survive a motion to dismiss at this nascent stage of the proceedings plaintiff need only make a showing sufficient to establish the mere existence of every element essential to his case. *Celotex Corp. v. Catreet*, 477 U.S. 317, 322 (1986).

As a matter of law, Plaintiff's claims should also be construed liberally in her favor and she should be granted the benefit of all inferences in her favor that can be derived from the claims set forth in her complaint. *Anderson v. Liberty Lobby, Inc*. 477 U.S. 242, 256 (1986). The court must accept as true all allegations of fact set forth in the plaintiff's complaint, construe the complaint in the light most favorable to the plaintiff and determine whether "under any reasonable reading of the pleading, the plaintiff may

be entitled to relief." *Browning v. Clinton*, 292 F. 3d 235, 242 (D.C. Cir. 2003); *Holy Land Foundation for Relief v. Ashcroft*, 333 F. 3d 156, 165 (D.C. Cir. 2003).

The complaint need only set forth a short and plan statement of the claims giving rise to complaint thereby giving fair notice of the underlying facts and grounds upon which the claims rest. *Kingman Park Civic Assn. v. Williams*, 348 F. 3d 1033, 1040 (D.C. Cir. 2003), citing *Conley v. Gibson*, 355 U.S. 41, 47 (1957).

**II.    FACTS ASSERTED IN COMPLAINT SUPPORT PLAINTIFF'S CLAIMS SUFFICIENT TO DEFEAT MOTION TO DISMISS**

In her complaint Plaintiff alleges that Defendant breached express and implied contractual obligations it owed to Plaintiff when if failed to compensate her as it promised and that as a result she suffered damages. Plaintiff also claims that Defendant breached its obligation of good faith and fair dealing when it refused to pay her the commissions, bonuses and other benefits she earned while an employee of Defendant.

A review of the allegations set forth in the complaint confirms that all three of Plaintiff's counts satisfy the legal requirements necessary to withstand Defendant's challenge.

**A.    Plaintiff's Claim of Breach of Good Faith and Fair Dealing Properly Presented in Complaint and Survives Motion**

In its motion Defendant charges that Plaintiff was an employee "at will" and, as such, states that the Plaintiff may not "maintain a claim for breach of an implied covenant of good faith and fair dealing" in the context of her current claims.

This assertion is finds no support in the law – and attempts to mislead the court by implying that Plaintiff's claims are actually a claim for "wrongful termination" of employment. This is simply not the case.

The allegations set forth in the current complaint relate exclusively to Defendant's ongoing refusal to honor its contractual obligations to pay Plaintiff the commissions, bonuses and other benefits she earned while she was Defendant's employee – before Defendant terminated her employment.

It is settled law in the District of Columbia that there is an implied duty of good faith and fair dealing in every contract that requires every party to a contract to do nothing "which will have the effect of destroying or injuring the right of the other party to receive the fruits of the contract." See *Paul v. Howard Univ.*, 754 A.2d 297, 310 (D.C. 2000); *Hais v. Smith*, 547 A.2d 986, 987 (D.C. 1988). *See also* RESTATEMENT (SECOND) OF CONTRACTS § 205 (1981) ("Every contract imposes upon each party a duty of good faith and fair dealing in its performance and its enforcement."); *Willens & Niederman v. 2720 Wisconsin Ave. Coop. Ass'n*, 844 A.2d 1126, 1135 (D.C. 2004).

If a party to the contract evades the spirit of the contract, willfully renders imperfect performance, or interferes with performance by the other party, he or she may be liable for breach of the implied covenant of good faith and fair dealing. *Paul, supra* 754 A2d at 310.

Here, the Plaintiff has charged that after entering into the bargain with Plaintiff Defendant's managers developed a hostile and personal animus toward the Plaintiff (and the customers she served). Defendant then subsequently refused to fulfill its contractual obligations to pay Plaintiff the commissions and other benefits she had earned prior to the termination of her employment. (¶¶ 12 through 28 of the Complaint)

The asserted facts provide clear support Plaintiff's claim for a breach of good faith and fair dealing. Accordingly, Plaintiff's claims withstand Defendant's challenge at this nascent point in the proceedings and the motion to dismiss this claim must be denied.

    **B.**     **Plaintiff's Claim of Breach of Express Contract Properly Presented in Complaint and Survives Motion**

To sustain a claim of breach of contract, a plaintiff must plead: (a) that there was an offer to enter into an agreement, (b) that there was an acceptance of said offer, (c) that there was consideration in support of said agreement, and (d) that the defendant breached said agreement.

In her complaint, Plaintiff alleges that:

- In 2004, at Defendant's request and offer, Plaintiff transferred from New York State to Washington, D.C. to take the job of Vice President of Embassy Banking & Business Development. (Complaint – ¶ 7)

- To induce her to continue her work relationship with HSBC Bank promised Plaintiff that as part of her compensation she would be paid certain incentive commissions, bonuses, and other awards based on the performance of agreed-upon metrics. (Complaint – ¶ 8)

- To induce her to continue her work relationship with HSBC Bank, it offered Plaintiff approximately 5,000 stock options to purchase the Bank's stock pursuant to its stock option plan. (Complaint – ¶ 9)

- Plaintiff accepted the terms (including, without limitation, the incentive commissions, bonuses, and other awards, and stock options) offered to her by HSBC Bank as part of her compensation, and continued working at HSBC forgoing other employment opportunities. (Complaint – ¶ 10)

- HSBC fired Plaintiff from her job. (Complaint – ¶ 28)

- Following the termination of Plaintiff's employment, HSBC Bank refused to honor its prior contractual commitment to pay Plaintiff: (a) earned commissions and bonuses earned for the third quarter (Q3) of 2004 ($35,000) and the fourth quarter (Q4) of 2004 ($35,000), and (b) $30,000 in a bonus vacation to South Africa – for a total of approximately $100,000. (Complaint – ¶ 29)

- Plaintiff was also informed that, because her employment was being terminated, she would be forced to forfeit approximately 5,000 unexercised stock options – causing her further economic damage. (Complaint – ¶ 30)

Clearly, the facts asserted by Plaintiff are sufficient to make her claims of breach of express contract plausible and enforceable. Accordingly, the court is respectfully requested to deny Defendant's motion as to this claim.

### C. Plaintiff's Claim of Breach of Implied Contract Properly Presented in Complaint and Survives Motion

In this case the Plaintiff presents claims for breach of express contract and breach of implied contract as alternative theories – as expressly permitted under the laws of the District of Columbia and Rule 8(e)(2) of the Fed. R. Civ. P.

In the District of Columbia, a contract may be expressed or implied. An express contract is a contract in which the terms are stated either orally or in writing. An implied contract is a contract in which the terms of the parties' agreement are inferred from the circumstances or conduct of the parties, even though the terms of the contract are not expressed in words. STANDARDIZED CIVIL INSTRUCTIONS FOR THE DISTRICT OF COLUMBIA (1998) (Jury Instruction No. 11-9) citing *Brown v. Brown*, 524 A.2d 1184, 1188 n.5, (D.C. 1987); *Riggs v. Aetna Ins. Co.*, 454 A.2d 818, 821 (D.C. 1983) (*per curiam*); *Blake Constr. v. C.J. Coakley Co.*, 431 A.2d 569, 577 (D.C. 1981); *Yasuna v. Miller*, 399 A.2d 68, 74 n.14 (1979); *Richardson v. J.C. Flood Co.*, 190 A.2d 259, 261 (1963).

Here, the Plaintiff has alleged in her complaint that Defendant offered incentive commissions, bonuses and other benefits while she was its employee, that she accepted

the terms of Defendant's offer and fulfilled her side of the bargain and that Defendant terminated her employment and refused to honor its obligations.

As observed by Defendant in its motion "express and implied contracts have essentially the same elements, the difference between them merely being how each is proved." *Robinson v. Nussbaum*, 11 F. Supp. 2d 10, 15 (D.D.C. 1997). Plaintiff may clearly plead alternative claims in order to maintain flexibility in protecting her rights.

Accordingly, the Plaintiff has properly asserted facts sufficient to withstand Defendant's motion to dismiss her claims for breach of implied contract and the court is respectfully requested to deny Defendant's motion as to this claim.

## CONCLUSION

WHEREFORE, for the reasons set forth above and the entire record, Plaintiff respectfully requests that the Court deny Defendant's motion to dismiss in its entirety and award Plaintiff's attorneys fees and costs.

Respectfully Submitted,

JACQUELINE AMES
By Counsel

/s/ Patricia Payne - ECF
Patricia L. Payne, Esq. Bar #317586
Payne & Associates
1250 24th Street, Suite 300
Washington, DC  20037
Telephone: 202-835-1610
Facsimile:  202-835-1697

December 18, 2006

## CERTIFICATE OF SERVICE

I hereby certify that on the 18th day of December 2006, a copy of the foregoing was served by first class mail, postage prepaid, to David S. Cohen, Esq., Milbank, Tweed, Hadley & McCloy, LLP, 1850 K Street, N.W., Suite 1100, Washington, DC 20006.

/s/ Patricia Payne, Esq.
Patricia Payne

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| JACQUELINE AMES | : | |
| | : | |
| Plaintiff, | : | |
| | : | Case No. 06-2039-RMC |
| v. | : | |
| | : | |
| | : | ORAL HEARING |
| HSBC Bank USA, N.A. | : | REQUESTED |
| | : | |
| Defendant. | : | |

**<u>ORDER DENYING DEFENDANT'S MOTION TO DISMISS</u>**

UPON CONSIDERATION OF Defendant's Motion to Dismiss, and any opposition thereto, other pleadings in this case, any oral argument on this motion, and for any other reasons stated from the bench, it is therefore,

ADJUDGED, ORDERED and DECREED that Defendant's Motion to Dismiss is hereby DENIED in its entirety.

Dated: _____, 2007

_____
The Honorable Rosemary M. Collyer
United States District Court
   for the District of Columbia