UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| JACQUELINE AMES,<br><br><br>Plaintiff,<br><br>vs.<br><br>HSBC BANK USA, N.A.,<br><br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 06-2039-RMC |

## REPLY MEMORANDUM IN SUPPORT OF DEFENDANT HSBC BANK USA, N.A.'S MOTION TO DISMISS

## INTRODUCTION

Plaintiff's Opposition to Defendant's Motion to Dismiss, dated December 18, 2006 (the "Opposition Memorandum"), makes clear that her Complaint should be dismissed. Specifically, Plaintiff neither alleges nor disputes that she was anything but an at-will employee of HSBC, and she has failed to identify a single term of the express or implied contract purportedly existing between Plaintiff and HSBC. As such, each of the three claims she asserts against HSBC must be dismissed.[1]

---

[1] Plaintiff alleges in her Opposition that HSBC "failed to file" an answer to the Complaint pursuant to Federal Rule of Civil Procedure 81(c). HSBC, however, filed a motion to dismiss pursuant to Rule 12(b)(6) in lieu of answering the Complaint, as expressly permitted by Rule 81(c). HSBC notes that it filed its corporate disclosure statement pursuant to Federal Rule of Civil Procedure 7.1 on December 22, 2006.

**ARGUMENT**

I.    **PLAINTIFF'S BREACH OF AN IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING CLAIM MUST BE DISMISSED**

Plaintiff misleadingly asserts that "[i]t is settled law in the District of Columbia that there is an implied duty of good faith and fair dealing in every contract." Opposition Memorandum, at 4. Although that statement is true as far as it goes, Plaintiff misses the point—a valid underlying contract is a necessary prerequisite to the covenant of good faith and fair dealing. "Obviously, before an implied covenant of good faith and fair dealing exists there must first be a contract itself." Lance v. United Mine Workers of Am. 1974 Pension Trust, 355 F. Supp. 2d 358, 362 (D.D.C. 2005) (dismissing breach of implied covenant of good faith and fair dealing claim), vacated on other grounds by 400 F. Supp. 2d 29 (D.D.C. 2005). Here, Plaintiff does not allege facts sufficient to support the existence of a contract—implied or express.

It is well settled that absent facts to the contrary, an employee is presumed to be an at-will employee. See Reaves-Bey v. Karr, 840 A.2d 701, 704 (D.C. 2004). Plaintiff's Opposition does nothing to rebut this presumption. Because Plaintiff is a former at-will employee of HSBC, there was never a contract existing between Plaintiff and HSBC (as evident by Plaintiff's failure to allege a single term of any supposed contract in support of her express and implied contract claims). Because there is no contract between Plaintiff and HSBC, her claim for breach of an implied covenant of good faith and fair dealing must also fail. See, e.g. Paul v. Howard Univ., 754 A.2d 297 (D.C. 2000); Kerrigan v. Britches of Georgetowne, Inc., 705 A.2d 624 (D.C. 1997).

Plaintiff erroneously contends that her status as an at-will employee would only be relevant in the context of a "wrongful termination of employment" claim.

2

Opposition Memorandum, at 3. Plaintiff neither explains this contention nor cites to any authority in support thereof. Plaintiff's assertions are baseless, as the employment at-will doctrine is not relevant solely to wrongful termination actions. See e.g. Lance, 355 F. Supp. at 361-362 (finding no breach of covenant of good faith and fair dealing when at-will employee brought suit for sex discrimination and alleged failure to promote); Paul, 754 A.2d at 310-311 (finding no breach of covenant of good faith and fair dealing when at-will employee brought suit for alleged failure to award tenure).

## II.    PLAINTIFF'S BREACH OF EXPRESS CONTRACT CLAIM MUST BE DISMISSED

Absent from Plaintiff's Complaint is **any** allegation of **any** of the specific terms of the purportedly existing express contract between Plaintiff and HSBC.[2] In the Opposition Memorandum, Plaintiff lists seven general, conclusory paragraphs from the Complaint in an effort to demonstrate that the Complaint meets the pleading requirements for a breach of express contract claim, see Opposition Memorandum, at 5-6, but those listed paragraphs from the Complaint fail to allege the material parts and terms of the purportedly breached contract, rendering them insufficient to state a cause of action for breach of express contract. See Fleming v. AT&T Info. Sys., Inc., Civ. A. No. 87-1329, 1987 WL 17600, at *2 (D.D.C. Sept. 16, 1987); 17B C.J.S. Contracts § 642 (2006).

After listing the seven paragraphs of the Complaint (of which none allege any specific terms of the purported express contract), Plaintiff states that "[c]learly, the facts asserted by Plaintiff are sufficient to make her claims of breach of express contract plausible and enforceable." Opposition Memorandum, at 6. The only clearly discernable

---

[2]    Plaintiff has not alleged, among other things, that the purportedly express contract is governed by the law of the District of Columbia, let alone where and in what form the purported contract's terms is expressly found.

fact from Plaintiff's Complaint, however, is the fact that Plaintiff continues to ignore the most basic aspect of a breach of express contract claim—the contract itself. Without alleging any of the specific terms of the purportedly breached express contract or the specific manner in which HSBC supposedly breached the purported express contract, Plaintiff's claim for breach of express contract must fail.

### III.    PLAINTIFF'S BREACH OF IMPLIED CONTRACT CLAIM MUST BE DISMISSED

HSBC does not take issue with Plaintiff's right to plead alternative theories of recovery pursuant to Federal Rule of Civil Procedure 8(e)(2). Plaintiff's alternatively pled breach of implied contract claim, however, suffers the same infirmities as her breach of express contract claim, and as such fails for the same reasons.

As stated in both the Motion to Dismiss and the Opposition Memorandum, the elements of an express and an implied contract are essentially the same. See Robinson v. Nussbaum, 11 F. Supp. 2d 10, 15 (D.D.C. 1997); Grunseth v. Marriott Corp., 872 F. Supp. 1069, 1073 (D.D.C. 1995). Plaintiff's failure to allege any of the material terms of the purportedly implied contract and the manner that HSBC supposedly breached the purportedly implied contract are as fatal to Plaintiff's implied contract claim as it is to Plaintiff's express contract claim. Neither claim can be sustained pursuant to the general, conclusory allegations contained in Plaintiff's Complaint. Because Plaintiff fails to allege any of the basic requirements of an implied contract, her breach of implied contract claim must fail.

## CONCLUSION

For the foregoing reasons, this Court should dismiss with prejudice

Plaintiff's Complaint in its entirety and award HSBC its reasonable costs and attorneys'

fees in responding to the Complaint.

Dated: December 29, 2006          Respectfully Submitted,


/s/ David S. Cohen
David S. Cohen (D.C. Bar No. 450107)
MILBANK, TWEED, HADLEY & MᶜCLOY LLP
1850 K Street, N.W., Suite 1100
Washington, D.C.  20006
Tel: (202) 835-7500
Fax: (202) 835-7586
*Attorneys for Defendant HSBC Bank USA, N.A.*

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on December 29, 2006, I caused to be served by United

States Postal Service copies of "REPLY MEMORANDUM IN SUPPORT OF

DEFENDANT HSBC BANK USA, N.A.'S MOTION TO DISMISS" addressed as

follows:

>Patricia L. Payne
>Payne & Associates, Ltd.
>1250 24th Street, NW Suite 300
>Washington, D.C. 20037
>Tel: (202) 835-1610


>/s/ Rebecca Belmar
>Rebecca Belmar

DC1:#8130436

6