# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| JACQUELINE AMES, | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 06-2039 (RMC) |
| | ) | |
| HSBC BANK USA, N.A., | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## MEMORANDUM OPINION

On September 26, 2006, Plaintiff Jacqueline Ames filed a complaint against her former employer, HSBC Bank, USA, N.A. (the "Bank" or "HSBC") in the Superior Court of the District of Columbia. In her complaint Plaintiff asserted claims against Defendant for (1) breach of express contract, (2) breach of implied contract, and (3) breach of good faith and fair dealing. On November 29, 2006, Defendant filed a notice of removal in accordance with 28 U.S.C. § 1446 transferring the case to this Court on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)(1). On December 6, 2006, Defendant filed a motion to dismiss all three causes of action in Plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. For the reasons discussed below, Defendant's Motion to Dismiss the Complaint will be denied.

## I. BACKGROUND

Plaintiff Jacqueline Ames was originally hired by HSBC Bank while a resident of New York State. *See* Comp. ¶ 6. In 2004, at Defendant's request, Ms. Ames transferred from New

York State to Washington, D.C. to take a position as HSBC's Vice President of Embassy Banking and Business Development. *Id*. ¶ 7. Ms. Ames alleges in her complaint that HSBC offered certain incentive commissions, bonuses, and other performance-based awards to "induce her to continue her work relationship with the Bank." *Id.* ¶ 8. Ms. Ames further alleges that "to induce her to continue her work relationship with the Bank, HSBC offered Ms. Ames approximately 5,000 stock options to purchase the Bank's stock pursuant to its stock option plan." *Id*. ¶ 9. After several disagreements over alleged "managerial and operational problems" in the Washington, D.C. branch, Ms. Ames was terminated. *Id.* ¶ ¶12 & 29. Plaintiff alleges that she was not paid commissions or bonuses for the third (Q3) and fourth quarter (Q4) of 2004, and was forced to forfeit approximately 5,000 unexercised stock options. *See* Compl. ¶¶ 29-30. Ms. Ames proffers that HSBC's actions constitute a breach of an express contract, or in the alternative, breach of an implied contract, and a breach of an implied covenant of good faith and fair dealing. *See* Compl. at 6-7.

## II. LEGAL STANDARD

A Rule 12(b)(6) motion is intended to test the legal sufficiency of the complaint; dismissal in inappropriate unless "the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Browning v. Clinton*, 292 F.3d 235, 242 (D.C. Cir. 2002) (citing *Conley v. Gibson*, 355 U.S. 41, 45-6 (1957)); *Kingman Park Civic Assoc. v. Williams*, 348 F.3d 1033, 1040 (D.C. Cir. 2003). The complaint need only set forth a short and plain statement of the claim, thereby giving the defendant fair notice of the claim and the grounds upon which it rests. *Conley*, 355 U.S. at 47. The court must accept as true all allegations of fact set forth in the plaintiff's complaint, construe the complaint in the light most favorable to the plaintiff, and determine whether under any reasonable reading of the pleading, the plaintiff may be entitled to relief. *Browning*, 292

F.3d at 242; *Holy Land Found. for Relief v. Ashcroft*, 333 F.3d 156, 165 (D.C. Cir. 2003); *In re United Mine Workers of Am. Employee Ben. Plans Litig.*, 854 F.Supp. 914, 915 (D.D.C. 1994).  At the Rule 12(b)(6) stage, the court does not assess "the truth of what is asserted or determin[e] whether a plaintiff has any evidence to back up what is the complaint." *ACLU Found. of S. Cal. v. Barr*, 952 F.2d 457, 467 (D.C. Cir. 1991).

### III.  ANALYSIS

Ms. Ames has alleged the existence and breach of an express contract, or in the alternative, an implied contract.  An express contract is a contract in which the terms are stated either orally or in writing.  An implied contract is a contract in which the terms of the parties' agreement are inferred from the circumstances of conduct of the parties, even though the terms of the contract are not expressed in words.  *See Brown v. Brown*, 524 A. 2d 1184, 188 n.5 (D.C. 1987); *see also Riggs v. Aetna Ins. Co.*, 454 A.2d 818, 821 (D.C. 1983). As observed by both parties "express and implied contracts have essentially the same elements, the difference between them merely being how each is proved." *Robinson v. Nussbaum*, 11 F. Supp. 2d 10, 15 (D.D.C. 1997).  In her complaint, Ms. Ames alleges that the Bank breached express or implied contractual obligations owed her when it failed to compensate her as it promised, and that as a result she suffered damages of approximately $100,000.  *See* Compl. ¶¶ 31-36.

Ms. Ames also has alleged a breach of the implied covenant of good faith and fair dealing.  It is settled in the District of Columbia that there is an implied duty of good faith and fair dealing in every contract that requires every party to a contract to do nothing "which will have the effect of destroying or injuring the right of the other party to receive the fruits of the contract." *See Paul v. Howard Univ.*, 754 A. 2d 297, 310 (D.C. 2000); *Hais v. Smith*, 547 A. 2d 986, 987 (D.C.

1988). Ms. Ames claims that the Bank breached its obligation of good faith and fair dealing when it refused to pay her the commissions, bonuses and other benefits earned while still an employee of the Bank. *See* Compl. ¶¶ 37-40.

In its motion to dismiss and reply memorandum, the Bank asserts that Ms. Ames was an "at-will" employee of HSBC, and that her complaint fails to identify a single term of the express or implied contract purportedly existing between her and HSBC. *See* Def.'s Mot. to Dismiss at 3; Def's Reply at 1. The Bank further argues that, "Because there is no contract between Plaintiff and HSBC, [Plaintiff's] claim for a breach of an implied covenant of good faith and fair dealing must also fail." *See* Def.'s Reply at 2; *see also* Def.'s Mot. to Dismiss at 4-5.

Under District of Columbia law, "the mutual promise to employ and serve creates a contract terminable at will by either party." *Bell v. Ivory*, 966 F.Supp. 23, 29 (D.D.C. 1997). Both employer and employee may terminate an at-will employment relationship for any reason or no reason at all. *See Wemhoff v. Investors Mgmt. Corp.*, 528 A.2d 1205, 1208 n.3 (citing *Taylor v. Greenway Rest., Inc.*, 173 A.2d 211 (D.C. Mun. App. 1961)). At-will employment should not be viewed as the absence of contract, but as a species of contract, a principle well settled in the District of Columbia. *See Daisley v. Riggs Bank, N.A.,*. 372 F.Supp. 2d 61, 67 (D.D.C. 2005) (citing *Sheppard v. Dickstein, Shapiro, Morin and Oshinsky*, 59 F. Supp. 2d 27, 32 (D.D.C. 1999)); *Rinck v. Ass'n of Reserve City Bankers*, 676 A.2d 12, 15 (D.C. 1996). Termination of employment does not breach an at-will employment contract because by its very terms the agreement contemplates that either party may end the employment relationship without cause. *See Frazier v. Univ. of District of Columbia*, 742 F. Supp. 28, 29 (D.D.C. 1990).

HSBC argues that because Ms. Ames is a former at-will employee of the Bank, there

was never a contract existing between them, and because there was no contract, Ms. Ames's claims

for breach of contract (express and implied), as well as the claim for breach of the covenant of good

faith and fair dealing must fail.  *See* Def.'s Reply at 2-4.  Ms. Ames has not plead facts that would

show that both parties intended to alter the presumption of at-will employment, so she has no remedy

in contract for her termination.  *See Daisley*, 372 F. Supp. at 70.[1]  Notwithstanding an "at-will

employment agreement, an employee and employer may still contract regarding other terms, such

as bonuses or stock options." *Id*. at 70-71.  Courts have found that an employee's at-will status does

not prevent him or her from recovering for compensation owed for work performed during his or her

period of employment.  *Id*. (citing *Smith v. Chase Group, Inc*., 354 F.3d 801, 807 (8th Cir. 2004)

(finding an oral contract for compensation between an employer and an at-will employee

"sufficiently definite and certain" to create obligation on behalf of the employer)); *Livernois v. Med.

Disposables, Inc*., 837 F. 2d 1018, 1023 (11th Cir. 1998) (an at-will employee may sue for any

compensation that is due him under an oral contract, based on services actually performed by him

up to the time of discharge).

Ms. Ames alleges that HSBC asked her to transfer to the D.C. Office to become Vice

President of Embassy Banking and Business Development, and in doing so, promised that she would

be paid certain incentive commissions, bonuses, and other awards based on the performance of

---

[1] The District of Columbia courts recognize a "very narrow exception to the at-will doctrine in holding that an employer engages in tortious conduct when it fires an at-will employee for that employee's refusal to break the law at the employer's direction." *Adams v. George W. Cochran & Co.*, 597 A.2d 28, 34, 29 (D.C. 1991).  In addition, at-will employees may not be terminated for illegally discriminatory reasons, such as race or gender. *Alexis v. District of Columbia*, 44 F. Supp. 2d 331, 348 (D.D.C. 1999).  Ms. Ames does not contend that HSBC terminated her for her refusal to break the law. Nor does she claim that she was discharged for discriminatory reasons.

agreed-upon merits. *See* Compl. ¶¶ 7-8. In addition, HSBC offered Ms. Ames stock options. *Id.* ¶ 9. She alleges that she was fired, and that HSBC "refused to honor its prior contractual commitment to pay Plaintiff: (a) earned commissions and bonuses earned for the third quarter (Q3) of 2004 ($35,000) and the fourth quarter (Q4) of 2004 ($35,000), and (b) $30,000 in a bonus vacation to South Africa–for a total of approximately $100,000." *Id.* ¶ 29. In support of her claim for breach of the implied covenant of good faith and fair dealing, Plaintiff says that she "made repeated demands for HSBC to honor its contractual obligations, but her efforts were consistently rebuffed." *Id.* at 37.

Because at-will employment does not prevent an employee from bringing suit for any compensation that is due her based on services actually performed up to the time discharge, Ms. Ames has properly plead a cause of action for breach of an express or implied contract, and a resulting breach of the duty of good faith and fair dealing. Construing the facts in the light most favorable to the Plaintiff, the complaint alleges that HSBC made an offer to Ms. Ames which included various enhanced incentives in consideration for her move to the District of Columbia and assumption of the responsibilities of a vice president. Ms. Ames accepted this offer and became the Vice President of Embassy Banking and Business development. She was later terminated. Plaintiff maintains that HSBC's refusal to tender compensation for services already performed in accord with Defendant's initial offer was a breach. As a result of the breach, she claims damages of approximately $100,000. This is an appropriate formulation of a claim for breach of contract. *See Park v. Arnott*, 1992 WL 184521, *4 (D.D.C. July 14, 1992) ("To state a claim for breach of contract, a complaint must allege that a contract existed, that plaintiff performed its contractual obligations, that defendant breached the contract, and that plaintiff suffered damages due to the

breach.").  This Court finds that Ms. Ames's claims for breach of contract and breach of the implied

duty of good faith and fair dealing survive the Bank's  motion to dismiss.

## IV.  CONCLUSION

For the reasons set forth above, this Court finds that Plaintiff's complaint is sufficient

pursuant to Federal Rule of Civil Procedure 8(a). Defendant's Motion to Dismiss [Dkt. # 3] will be

denied.  A separate Order accompanies this Memorandum Opinion

Date: May 11 , 2007                                    _____/s/_____

                                                       ROSEMARY M. COLLYER
                                                       United States District Judge