UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| JACQUELINE AMES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 06-2039-RMC |
| vs. | ) |
| | ) |
| HSBC BANK USA, N.A., | ) |
| | ) |
| Defendant. | ) |

**ANSWER TO PLAINTIFF'S AMENDED COMPLAINT**

HSBC Bank USA, N.A. (hereinafter "HSBC"), by its undersigned attorneys, Milbank, Tweed, Hadley & McCloy LLP, as and for its Answer to Plaintiff's Amended Complaint ("Answer"), respectfully pleads as follows:

**PARTIES AND VENUE**

1. HSBC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of the Amended Complaint, and denies each and every allegation contained in that paragraph on that ground.

2. HSBC admits it is a national banking association whose articles of association designate Delaware as the location of its main office. The remaining allegations contained in Paragraph 2 of the Amended Complaint consist of legal conclusions as to which no response is required.

3. HSBC is without knowledge or information sufficient to admit or deny the allegations contained in Paragraph 3 of the Amended Complaint.

## JURISDICTION

4. The allegations contained in Paragraph 4 of the Amended Complaint consist of legal conclusions as to which no response is required.

## FACTUAL ALLEGATIONS

5. HSBC admits that Plaintiff was hired by HSBC in approximately 1987, and while employed by HSBC held various positions, including Assistant Vice President – Sales, Vice President – Branch Manager, and Vice President of Embassy Banking & Business Development. HSBC is without knowledge or information sufficient to form a belief as to the meaning of the phrase "distinguished career," and cannot form a response. HSBC denies each of the remaining allegations remaining in Paragraph 5 of the Amended Complaint.

6. To the extent Paragraph 6 of the Amended Complaint contains legal conclusions, no response is required. To the extent a response is required, HSBC is without knowledge or information sufficient to form a belief as to the meaning of the phrase "[a]t all times relevant in this complaint," and cannot form a response. HSBC denies each of the remaining allegations remaining in Paragraph 6 of the Amended Complaint.

7. To the extent Paragraph 7 of the Amended Complaint contains legal conclusions, no response is required. To the extent a response is required, HSBC is without knowledge or information sufficient to form a belief as to the meaning of the phrase "[a]t all times relevant in this complaint," and cannot form a response. HSBC denies each of the remaining allegations remaining in Paragraph 7 of the Amended Complaint.

8. To the extent Paragraph 8 of the Amended Complaint contains legal conclusions, no response is required. To the extent a response is required, HSBC is without knowledge or information sufficient to form a belief as to the meaning of the phrase "[a]t all times relevant in this complaint," and cannot form a response. HSBC denies each of the remaining allegations remaining in Paragraph 8 of the Amended Complaint.

9. To the extent Paragraph 9 of the Amended Complaint contains legal conclusions, no response is required. To the extent a response is required, HSBC is without knowledge or information sufficient to form a belief as to the meaning of the phrase "[a]t all times relevant in this complaint," and cannot form a response. HSBC denies each of the remaining allegations remaining in Paragraph 9 of the Amended Complaint.

10. HSBC admits that in 2004, Plaintiff transferred from New York to Washington, D.C. to assume the position of Vice President of Embassy Banking & Business Development.

11. To the extent Paragraph 11 of the Amended Complaint contains legal conclusions, no response is required. To the extent a response is required, HSBC denies each and every allegation contained in Paragraph 11 of the Amended Complaint.

12. To the extent Paragraph 12 of the Amended Complaint contains legal conclusions, no response is required. To the extent a response is required, HSBC denies each and every allegation contained in Paragraph 12 of the Amended Complaint.

13. To the extent Paragraph 13 of the Amended Complaint contains legal conclusions, no response is required. To the extent a response is required, HSBC denies each and every allegation contained in Paragraph 13 of the Amended Complaint.

14. HSBC denies each and every allegation contained in Paragraph 14 of the Amended Complaint.

15. HSBC denies each and every allegation contained in Paragraph 15 of the Amended Complaint.

16. HSBC denies each and every allegation contained in Paragraph 16 of the Amended Complaint.

17. HSBC denies each and every allegation contained in Paragraph 17 of the Amended Complaint.

18. HSBC denies each and every allegation contained in Paragraph 18 of the Amended Complaint.

19. HSBC denies each and every allegation contained in Paragraph 19 of the Amended Complaint.

20. HSBC admits that as part of Plaintiff's responsibilities as Vice President of Embassy Banking & Business Development, she was expected to develop certain embassy clients and accounts. HSBC denies each of the remaining allegations remaining in Paragraph 20 of the Amended Complaint.

21. HSBC denies each and every allegation contained in Paragraph 21 of the Amended Complaint.

22. HSBC denies each and every allegation contained in Paragraph 22 of the Amended Complaint.

23.     HSBC denies each and every allegation contained in Paragraph 23 of the Amended Complaint.

24.     HSBC denies each and every allegation contained in Paragraph 24 of the Amended Complaint.

25.     HSBC denies each and every allegation contained in Paragraph 25 of the Amended Complaint.

26.     To the extent Paragraph 26 of the Amended Complaint contains legal conclusions, no response is required. To the extent a response is required, HSBC denies each and every allegation contained in Paragraph 26 of the Amended Complaint.

27.     HSBC denies each and every allegation contained in Paragraph 27 of the Amended Complaint.

28.     HSBC denies each and every allegation contained in Paragraph 28 of the Amended Complaint.

29.     To the extent Paragraph 29 of the Amended Complaint contains legal conclusions, no response is required. To the extent a response is required, HSBC denies each and every allegation contained in Paragraph 29 of the Amended Complaint.

30.     HSBC denies each and every allegation contained in Paragraph 30 of the Amended Complaint.

31.     HSBC admits that it terminated Plaintiff's employment with HSBC in 2004. HSBC denies each of the remaining allegations remaining in Paragraph 31 of the Amended Complaint.

32. To the extent Paragraph 32 of the Amended Complaint contains legal conclusions, no response is required. To the extent a response is required, HSBC denies each and every allegation contained in Paragraph 32 of the Amended Complaint.

33. HSBC denies each and every allegation contained in Paragraph 33 of the Amended Complaint.

34. HSBC denies each and every allegation contained in Paragraph 34 of the Amended Complaint.

## COUNT I

35. HSBC adopts and incorporates by reference its responses to the paragraphs above as if fully set forth herein.

36. To the extent Paragraph 36 of the Amended Complaint contains legal conclusions, no response is required. To the extent a response is required, HSBC denies each and every allegation contained in Paragraph 36 of the Amended Complaint.

37. To the extent Paragraph 37 of the Amended Complaint contains legal conclusions, no response is required. To the extent a response is required, HSBC denies each and every allegation contained in Paragraph 37 of the Amended Complaint.

## COUNT II

38. HSBC adopts and incorporates by reference its responses to the paragraphs above as if fully set forth herein.

39. To the extent Paragraph 39 of the Amended Complaint contains legal conclusions, no response is required. To the extent a response is required, HSBC denies each and every allegation contained in Paragraph 39 of the Amended Complaint.

40. To the extent Paragraph 40 of the Amended Complaint contains legal conclusions, no response is required. To the extent a response is required, HSBC denies each and every allegation contained in Paragraph 40 of the Amended Complaint.

## COUNT III

41. HSBC adopts and incorporates by reference its responses to the paragraphs above as if fully set forth herein.

42. HSBC denies each and every allegation contained in Paragraph 42 of the Amended Complaint.

43. To the extent Paragraph 43 of the Amended Complaint contains legal conclusions, no response is required. To the extent a response is required, HSBC denies each and every allegation contained in Paragraph 43 of the Amended Complaint.

44. To the extent Paragraph 44 of the Amended Complaint contains legal conclusions, no response is required. To the extent a response is required, HSBC denies each and every allegation contained in Paragraph 44 of the Amended Complaint.

## COUNT IV

45. HSBC adopts and incorporates by reference its responses to the paragraphs above as if fully set forth herein.

46. HSBC denies each and every allegation contained in Paragraph 46 of the Amended Complaint.

47. To the extent Paragraph 47 of the Amended Complaint contains legal conclusions, no response is required. To the extent a response is required, HSBC denies each and every allegation contained in Paragraph 47 of the Amended Complaint.

48. To the extent Paragraph 48 of the Amended Complaint contains legal conclusions, no response is required. To the extent a response is required, HSBC denies each and every allegation contained in Paragraph 48 of the Amended Complaint.

49. To the extent Paragraph 49 of the Amended Complaint contains legal conclusions, no response is required. To the extent a response is required, HSBC denies each and every allegation contained in Paragraph 49 of the Amended Complaint.

HSBC denies each and every allegation contained in the Wherefore Clause of the Amended Complaint, including subparts (a) through (g) thereof. In addition, HSBC denies each and every allegation of the Amended Complaint not specifically admitted herein. HSBC further denies that Plaintiff is entitled to any of the relief requested, and demands strict proof of each element of Plaintiff's claims and asserted damages.

## **Affirmative Defenses**

For its further and separate affirmative defenses to the Amended Complaint and the claims Plaintiff purports to assert therein, and without assuming the burden of proof on any matters for which that burden rests with Plaintiff, HSBC alleges:

## **First Defense**

1. Plaintiff's Amended Complaint fails to state a claim upon which relief can be granted.

## **Second Defense**

2. Plaintiff's claims are barred, in whole or in part, because Defendants did not engage in any conduct that would constitute a breach of contract.

### **Third Defense**

3.　　Plaintiff's claims are barred, in whole or in part, because Plaintiff has failed to mitigate damages, if any.

### **Fourth Defense**

4.　　HSBC intends to rely upon such other and further defenses as may become available or apparent during discovery in this case, and reserves the right to amend its answer to assert any such defense.

Dated: June 28, 2007　　　　Respectfully Submitted,

> /s/ David S. Cohen
> David S. Cohen (D.C. Bar No. 450107)
> MILBANK, TWEED, HADLEY & M<sup>C</sup>CLOY LLP
> 1850 K Street, N.W., Suite 1100
> Washington, D.C. 20006
> Tel: (202) 835-7500
> Fax: (202) 835-7586
> *Attorneys for Defendant HSBC Bank USA, N.A.*

CERTIFICATE OF SERVICE

I hereby certify that on June 28, 2007, I caused to be served by United States Postal Service copies of "ANSWER TO PLAINTIFF'S AMENDED COMPLAINT" addressed as follows:

>Patricia L. Payne
>Payne & Associates, Ltd.
>1250 24th Street, NW Suite 300
>Washington, D.C. 20037
>Tel: (202) 835-1610

>/s/ Rebecca Belmar
>Rebecca Belmar