UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

——————————————————————
JACQUELINE AMES,                        )
                                      )
                                      )
                                      )
        Plaintiff,                 )
                                      )     Case No. 06-2039-RMC
                                      )
        vs.                     )
                                      )
HSBC BANK USA, N.A.,            )
                                      )
                                      )
                                      )
        Defendant.            )
——————————————————————)

## MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION TO FILE SECOND AMENDED COMPLAINT

### INTRODUCTION

        Plaintiff's motion to file a second amended complaint (the "Motion") should be denied for both undue delay and futility.  More than a year ago, on September 26, 2006, Plaintiff Jacqueline Ames ("Plaintiff") filed her original Complaint against HSBC Bank USA, N.A. ("HSBC"), alleging breach of contract, breach of implied contract, and breach of good faith and fair dealing (the "Original Complaint"). Approximately nine months later, on June 8, 2007, Plaintiff filed an Amended Complaint (the "First Amended Complaint") to include a claim against HSBC for alleged violations of the D.C. Wage Payment and Collection Act.[1]  Now, more than a year after filing her Original Complaint, more than four months after filing her First Amended Complaint, after court-ordered mediation and after HSBC has produced documents to Plaintiff

---

[1] HSBC did not oppose Plaintiff's filing of the First Amended Complaint because "[a] party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served." Fed. R. Civ. P. 15(a).

pursuant to this Court's order, Plaintiff seeks yet again to amend her Complaint to assert

four new causes of action against HSBC – promissory estoppel, unjust enrichment,

conversion, and intentional infliction of emotional distress.  These purported causes of

action are not "new."  Each could have been brought by Plaintiff at the time she filed the

Original Complaint and the First Amended Complaint.  Instead, Plaintiff has chosen to

wait more than a year since filing her Original Complaint to bring these purported claims

in an attempt to blur what is otherwise a simple breach of contract action and to add

further expense to HSBC's defense of this case.  Plaintiff has been given ample time to

develop her theories of recovery in this case, the underlying allegations of which

occurred over two years ago.  Plaintiff should not now be allowed to continue inventing

claims against HSBC that she should have asserted – if at all – when she filed her

Original or First Amended Complaints.

## ARGUMENT

Plaintiff's Motion should be denied as both unduly delayed and unable to

survive a motion to dismiss.  "[T]he Court has discretion to deny amendment based on

'undue delay, bad faith or dilatory motive ... repeated failure to cure deficiencies by

[previous] amendments ... [or] futility of amendment.'"  Johnson v. District of Columbia,

244 F.R.D. 1, 4 (D.D.C. 2007) (quoting Firestone v. Firestone, 76 F.3d 1205, 1208 (D.C.

Cir. 1996).  "The Court may deny as futile a motion to amend a complaint when the

proposed complaint would not survive a motion to dismiss."  Harrison v. Norton, 429 F.

Supp. 2d 83, 85 (D.D.C. 2006) (quoting James Madison, Ltd. v. Ludwig, 82 F.3d 1085,

1099 (D.C. Cir. 1996); see also 3 Moore's Federal Practice § 15.15[3] (3d ed. 2000) ("An

amendment is futile if it merely restates the same facts as the original complaint in

different terms, reasserts a claim on which the court previously ruled, fails to state a legal theory, or could not withstand a motion to dismiss.").

I.      **Plaintiff Unduly Delayed Asserting Each of Her Proposed New Claims**

Plaintiff's Motion should be denied because she has unduly delayed bringing her purported claims for more than a year since filing the Original Complaint. "A motion to amend may be denied as dilatory or unduly delayed where a plaintiff was aware of the facts giving rise to the cause of action before filing the complaint that she now wishes to amend." LaPrade v. Abramson, 2006 WL 3469532, at *4 (D.D.C. Nov. 29, 2006) (finding that plaintiff's "motion for leave to file a fourth amended complaint was dilatory and unduly delayed because she knew sufficient facts before the amendment deadline to make the claims she now seeks to add"). "Denial of leave to amend is appropriate where a party has had sufficient opportunity to state a claim but has failed to do so." Mittleman v. United States, 997 F. Supp. 1, 10 (D.D.C. 1998) (citing Williamsburg Wax Museum v. Historic Figures, Inc., 810 F.2d 243, 247 (D.C. Cir. 1987) (denying leave to amend and finding that even if new facts had surfaced, plaintiff had ample previous opportunity to bring the proposed claim); Societe Liz, S.A. v. Charles of the Ritz Group, Ltd., 118 F.R.D. 2, 4-5 (D.D.C. 1987) (denying leave to amend where plaintiff had previous knowledge of the facts underlying its proposed claims).

None of Plaintiff's claims that she seeks to assert in the Second Amended Complaint are based on information that was unknown to Plaintiff at the time she filed her Original or First Amended Complaints. Plaintiff's proposed unjust enrichment and promissory estoppel claims are merely attempts to recast the breach of contract (express and implied) and breach of good faith and fair dealing claims asserted by Plaintiff in the

Original and First Amended Complaints.  In the Motion, Plaintiff asserts that "the limited documentation presented by HSBC during the past seven weeks may be used to support" Plaintiff's theories of unjust enrichment and promissory estoppel.  Motion, at pg. 3.  Notably, Plaintiff does not provide any examples of such documentation, nor does she explain how HSBC's document production suddenly gave rise to Plaintiff's quasi-contractual allegations.  This Court should refuse to accept Plaintiff's attempted "recasting [of] existing facts into a new cause of action"  Yager v. Carey, 910 F. Supp. 704, 732 (D.D.C. 1995) (denying leave to amend because plaintiff was aware of the cause of action at the time the original complaint was filed).

Likewise, Plaintiff's conversion and intentional infliction of emotional distress claims are based on allegations known to Plaintiff at the time of filing the Original and First Amended Complaints.  Plaintiff's purported conversion claim alleges that, at the time of her termination, HSBC improperly retained Plaintiff's personal property.  See Second Amended Complaint, ¶ 62.  Nothing has changed in the ensuing two years since her termination that prevented Plaintiff from asserting this claim in either her Original or First Amended Complaints.  In support of her intentional infliction of emotional distress claim, Plaintiff alleges that "Plaintiff has been made aware that prior to the termination of her employment HSBC representatives systematically contacted customers traditionally handled by Ms. Ames to inform them that Ms. Ames was going to be released and implied that the reason for the release was wrongdoing on the part of Ms. Ames."  Motion, at pg. 3.  Plaintiff does not allege, however,  the timing or circumstances

by which she purportedly became aware of this allegation.[2]  Further, Plaintiff also cites HSBC's decision to terminate Plaintiff's employment and its alleged "refusal to honor its contractual obligations" in support of her intentional infliction of emotional distress claim (Second Amended Complaint, ¶ 64), both of which were clearly known to Plaintiff at the time of filing the Original and First Amended Complaints.

Although Plaintiff goes to great lengths in her Motion to assert that her proposed claims of conversion, intentional infliction of emotional distress, promissory estoppel, and unjust enrichment are based on knowledge only recently discovered by Plaintiff, each of her proposed new claims existed when Plaintiff brought her Original Complaint.  Plaintiff has already amended her Original Complaint once, adding claims against HSBC under the District of Columbia's Wage Payment and Collection Act. Plaintiff could have added these new purported claims to either the Original Complaint or the First Amended Complaint, but has instead chosen to delay bringing these claims for more than a year since filing her Original Complaint.  Plaintiff offers no excuse for her undue delay, and this Court should not allow Plaintiff to continue inventing new causes of action as the case progresses.

## II.    Plaintiff's Proposed Intentional Infliction of Emotional Distress Claim Fails for Futility

"The Court may deny as futile a motion to amend a complaint when the proposed complaint would not survive a motion to dismiss."  Harrison, 429 F. Supp. 2d at 85 (quoting James Madison, Ltd., 82 F.3d at 1099; see also 3 Moore's Federal Practice § 15.15[3] (3d ed. 2000) ("An amendment is futile if it merely restates the same facts as the

---

[2]    HSBC did not produce any documents to Plaintiff that would support this allegation, and thus Plaintiff cannot state that she "has been made aware" of her allegation through HSBC's document production.

original complaint in different terms, reasserts a claim on which the court previously ruled, fails to state a legal theory, **or could not withstand a motion to dismiss**.") (emphasis added). Here, Plaintiff largely recycles her allegations in support of her breach of contract claim and proposed conversion claim and asserts that, more than a year after filing her original Complaint, she is now suddenly victim to intentional infliction of emotional distress by HSBC. Plaintiff bases her entire intentional infliction of emotional distress claim on four allegations, none of which satisfy the rigorous requirements of properly pleading such a claim:

1. HSBC's decision to terminate Plaintiff from her employment;

2. HSBC's refusal to honor its alleged contractual obligations to Plaintiff;

3. HSBC's alleged refusal to return Plaintiff's property; and

4. HSBC's "decision to systematically contact HSBC customers and clients served by Ms. Ames to inform them that Ms. Ames was being terminated (even before HSBC informed her of the termination) and suggesting that the basis of the termination was impropriety and wrongdoing by Ms. Ames."

Second Amended Complaint, ¶ 64. Moreover, because Plaintiff's fourth allegation in support of her intentional infliction of emotional distress claim effectively amounts to a defamation allegation, it would be time-barred under the relevant District of Columbia statute of limitations. Because Plaintiff's intentional infliction of emotional distress claim cannot survive a motion to dismiss, the Motion should be denied.

**A.     Plaintiff Does Not Plead the Proper Elements of an Intentional Infliction of Emotional Distress Claim**

"To state a claim for intentional infliction of emotional distress, a plaintiff must allege that the defendant engaged in extreme and outrageous conduct that was

intentional or reckless and that caused severe emotional distress to another. <u>Langer v. George Washington Univ.</u>, 498 F. Supp. 2d 196, 200 (D.D.C. 2007) (internal citation omitted). "This very demanding standard is only infrequently met." <u>Id.</u> (internal citation omitted). Conduct is considered "extreme and outrageous" when it is "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." <u>Bernstein v. Fernandez</u>, 649 A.2d 1064, 1075 (D.C. 1991). "Moreover, this court has been particularly demanding as to the proof required to support a claim of intentional infliction of emotional distress in an employment context." <u>Paul v. Howard Univ.</u>, 754 A.2d 297, 307 (D.C. 2000). "Finally, the defendant's actions must proximately cause the plaintiff emotional distress 'of so acute a nature that harmful physical consequences might be not unlikely to result.'" <u>Kotsch v. District of Columbia</u>, 924 A.2d 1040, 1046 (D.C. 2007) (internal citation omitted).

Here, none of Plaintiff's allegations can support her claim for intentional infliction of emotional distress, and thus it would be futile to allow her to amend the Complaint to add such a claim. Plaintiff has alleged that HSBC breached a contract, failed to return items to her post-termination, and informed HSBC clients that Plaintiff was no longer employed by HSBC. Even if all of Plaintiff's allegations were true, the conduct alleged is not so extreme and outrageous "as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." <u>Bernstein</u>, 649 A.2d at 1075. Plaintiff's attempt to morph her breach of contract and conversion claims into an intentional tort simply fails as pleaded.

Further, Plaintiff has failed to allege emotional distress "of so acute a nature that harmful physical consequences might be not unlikely to result." Kotsch, 924 A.2d at 1046. Plaintiff's proposed Second Amended Complaint alleges that Plaintiff "has experienced great stress and emotional strain." Second Amended Complaint, ¶ 64. However, mere conclusory allegations of stress and emotional strain are not enough to support an intentional infliction of emotional distress claim. See Futrell v. Dep't of Labor Fed. Credit Union, 816 A.2d 793, 808 (D.C. 2003) (holding that "mental anguish" and "stress" allegedly suffered by plaintiff did not meet requirements of an intentional infliction of emotional distress claim). Indeed, this Court recently held that allegations similar to Plaintiff's cannot sustain a claim for intentional infliction of emotional distress:

> Count IIIB merely alleges, in conclusory fashion, that Wackenhut's actions in terminating Mr. Grandison were 'extreme and outrageous and willfully performed [and] caused severe emotional distress to [Mr. Grandison.]' These are, of course, mere 'labels and conclusions' that are insufficient to meet Rule 8's pleading requirements.

Grandison v. Wackenhut Servs., Inc., 2007 WL 2781892, at *5 (D.D.C. Sep. 25, 2007) (granting former employer's motion to dismiss) (Collyer, J.). Because Plaintiff's alleged "stress" and "emotional strain" are insufficient under the law, her intentional infliction of emotional distress claim cannot survive a motion to dismiss, and thus it would be futile to grant Plaintiff's motion to amend.

**B.     Plaintiff's Claim that HSBC Informed Its Customers of Her Termination Can Not Support Her Intentional Infliction of Emotional Distress Claim**

Plaintiff partially predicates her intentional infliction of emotional distress claim upon an allegation that HSBC contacted "HSBC customers and clients served by Ms. Ames to inform them that Ms. Ames was being terminated (even before HSBC

informed her of the termination) and suggesting that the basis of the termination was

impropriety and wrongdoing by Ms. Ames." Second Amended Complaint, ¶ 64.

Clearly, this allegation is tantamount to an allegation of defamation against HSBC. Of

course, Plaintiff does not attempt to directly bring a claim of defamation against HSBC

because such a claim would be barred by the District of Columbia's 1-year statute of

limitations. See D.C. Code Ann. § 12-301. This attempt to intertwine a defamation

claim with her intentional infliction of emotional distress claim, however, clearly fails

under District of Columbia law.

      "When a cause of action with no prescribed statute of limitations is

'intertwined' with one having a prescribed limitations period, District of Columbia courts

apply the prescribed period." Browning v. Clinton, 292 F.3d 235, 244 (D.C. Cir. 2002)

(applying one-year limitations period applicable to defamation claims when plaintiff's

tortious interference claim was intertwined with allegations of defamation); see also

Thomas v. News World Communications, 681 F. Supp. 55, 72 – 73 (D.D.C. 1998)

(holding that one-year defamation limitations period applies to plaintiffs' intentional

infliction of emotional distress claim predicated on allegations of defamation).

> "Because D.C. Code § 12-301(4) does not specifically
> mention either negligent or intentional infliction of
> emotional distress, these two claims are ordinarily subject
> to the three-year limitations period of D.C. Code § 12-
> 301(8). However, if claims of negligent or intentional
> infliction of emotional distress are 'intertwined' with a tort
> specifically mentioned by D.C.Code § 12-301(4), such
> claims are subject to a one-year limitations period."

Rogers v. Johnson-Norman, 466 F. Supp. 2d 162, 173 - 174 (D.D.C. 2006) (internal

citations omitted) (holding that "[b]ecause none of plaintiff's other allegations could

independently support his emotional distress claims, his emotional distress claims are

intertwined with the tort of malicious prosecution").  Because Plaintiff's allegation

regarding HSBC informing its customers of her termination is time-barred under the

relevant statute of limitations, it cannot be used in support of her intentional infliction of

emotional distress claim.[3]

### CONCLUSION

For the foregoing reasons, Plaintiff's Motion to File Second Amended

Complaint should be denied.

Dated: November 5, 2007              Respectfully Submitted,

/s/ David S. Cohen
David S. Cohen (D.C. Bar No. 450107)
MILBANK, TWEED, HADLEY & McCLOY LLP
1850 K Street, N.W., Suite 1100
Washington, D.C.  20006
Tel: (202) 835-7500
Fax: (202) 835-7586
*Attorneys for Defendant HSBC Bank USA, N.A.*

---

[3]     Even if Plaintiff could rely on such an allegation in support of her intentional infliction of emotional distress claim, the alleged conduct is neither extreme nor outrageous as to go beyond all possible bounds of decency, and therefore adds no credence to Plaintiff's proposed claim. Bernstein, 649 A.2d at 1075

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on November 5, 2007, I caused to be served by United

States Postal Service copies of "MEMORANDUM IN OPPOSITION TO

PLAINTIFF'SMOTION TO FILE SECOND AMENDED COMPLAINT" addressed as

follows:

> Patricia L. Payne
> Payne & Associates, Ltd.
> 1250 24th Street, NW Suite 300
> Washington, D.C. 20037
> Tel: (202) 835-1610
>
>
> <u>/s/ Rebecca Belmar</u>
> Rebecca Belmar

### [PROPOSED] ORDER DENYING PLAINTIFF'S MOTION TO FILE SECOND AMENDED COMPLAINT

Upon consideration of Plaintiff's Motion to File Second Amended Complaint, and the opposition thereto, it is therefore:

ORDERED that Plaintiff's Motion to File Second Amended Complaint is hereby DENIED.

IT IS SO ORDERED.

Dated: _____, 2007          _____
                                        The Honorable Rosemary M. Collyer
                                        United States District Judge