IN UNITED STATED DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

JACQUELINE AMES          :
                         :
    Plaintiff,          :
                         :
                         :    Case No.06-2039-RMC
v.                       :
                         :
HSBC Bank USA, N.A.      :
                         :
                         :
    Defendant.          :

**PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFF'S
MOTION TO FILE SECOND AMENDED COMPLAINT**

    COMES NOW the Plaintiff, Jacqueline Ames, by the through counsel who files this reply to the opposition submitted by Defendant HSBC Bank USA, N.A. ("HSBC") relevant to Plaintiff's motion to file her second amended complaint.

    HSBC opposes Plaintiff's motion and asks the court to deny Plaintiff's motion on the basis of undue delay and futility. However, HSBC does not claim that Plaintiff's request is in any way motivated by bad faith or other dilatory motive, or that the request will in any way delay the proceedings or even that HSBC will suffer <u>any</u> prejudice if Plaintiff's motion is granted.

    At this juncture, it bears remembering that the case is in preliminary stages inasmuch as the court has not yet issued a scheduling order, HSBC has not propounded any discovery and has released to Plaintiff only a few documents relevant to her claims.

    In the current amended complaint Plaintiff asserts claims against HSBC relevant to: (i) breach of express contract, (ii) breach of implied contract, (iii) breach of good faith and fair dealing, and (iv) violations under the D.C. Wage and Hour Act. Plaintiff now requests leave of court to amend the current complaint to add additional claims against HSBC to relevant to

promissory estoppel, unjust enrichment, conversion and intentional infliction of emotional distress – in order to conform the complaint to information obtained during the past few weeks.

The alternative (and new theories) set for in the proposed second amended complaint were substantially developed by Plaintiff following the first time release of limited documents by HSBC following the court's verbal instruction during initial scheduling conference that took place on August 31, 2007.

Under the federal rules of civil procedure, "leave to amend a complaint should be freely given in the absence of undue delay, bad faith, undue prejudice to the opposing party, repeated failure to cure deficiencies, or futility." *Richardson v. United States*, 193 F.3d 545, 548-549 (D.C. Cir. 1999), citing *Foman v. Davis*, 371 U.S. 178, 182 (1962). Grant or denial of leave to amend complaint is committed to district court's discretion, but it is abuse of that discretion to deny leave to amend unless there is sufficient reason such as undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by previous amendments or futility of amendment. See, *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996); *Foman*, 371 U.S. at 182.

A district court should grant a motion to amend unless there is a clear and solid justification for denying it. *Yaeger v. Carey,* 910 F. Supp. 704, 731 (D.D.C. 1995) (citing *Monroe v. Williams*, 705 F. Supp. 621, 623 (D.D.C. 1988)).

For the reasons set forth below, Plaintiff respectfully renews her request for leave to amend her complaint to add the claims set forth in the second amended complaint.

    A.    **Claims for Promissory Estoppel and Unjust Enrichment**

The new claims relevant to promissory estoppel and unjust enrichment are alternative theories to Plaintiff's current claims. Plaintiff's effort to seek the inclusion of these alternative

theories constitutes a timely effort to conform her pleading to the evidence.

The alternate theories of promissory estoppel and unjust enrichment are supported by documents released for the first time by HSBC's legal counsel between September 14 through October 17, 2007 pursuant to the court verbal order at the August 31, 2007 initial scheduling conference.

The alternate theories are supported by, among other documents, the following: (I) the "Go for the Gold Branch Sales Incentive Compensation Plan - 2004," (ii) the "Go for the Gold Branch Sales Incentive Compensation Plan - 2005," (iii) information pertaining to the HSBC's Performance Share awards, and (iv) the monthly GFTG Revenue and Share Calculation – which were released to Plaintiff for the first time following the court's instruction on August 31, 2007.

In its opposition HSBC argues that the court should deny Plaintiff's request to amend her complaint because she "unduly delayed" asserting each of the new claims and cites four cases in support of its position.   However, a brief review of the four cases cited by HSBC in support of its opposition reveals no such support for this proposition.

Indeed, the cases cited by HSBC establish only that the federal courts are unwilling to grant a motion to amend where the amendment would: (i) cause a delay in the trial schedule, (ii) conflict with a prior adverse ruling by the court, (iii) would result in discovery being reopened (or unreasonably extended), or (iv) where the opposing party would suffer real prejudice – events that are clearly not present in this case.  *LaPrade v. Abramson*, 2006 WL 3469532 (D.D.C. Nov. 29, 2006), (discovery closed and dispositive motion filed); *Societe Liz, S.A. v. Charles of the Ritz Group, Ltd.*, 118 F.R.D. 2 (D.D.C. 1987) (discovery nearly complete, proposed amendment would add additional new parties and new jurisdictional issues and the trial date significantly

delayed); *Mittleman v. United States*, 997 F. Supp. 1 (D.D.C. 1998) (proposed amendment filed 10 years after submission of original complaint); *Yager v. Carey*, 910 F. Supp. 704 (D.D.C. 1995) (proposed amendment presented after opposing party filed for summary judgment).

Accordingly, given the current preliminary posture of the case there is no basis to deny Plaintiff's request to amend her complaint to add the alternative theories to her existing claims.

    **B.**    <u>**Claim for Conversion**</u>

Within weeks of her termination in 2005, Plaintiff's legal counsel requested that HSBC return Plaintiff's personal effects and property that she was forced to abandon leave behind when she was terminated and instructed to leave the building. Counsel's requests were made to Scott Miller, HSBC Deputy General Counsel and to HSBC's current outside counsel.

In response, HSBC claimed, variously, that it would return Plaintiff's personal property "promptly," or that it would mail the personal property to Plaintiff at her last known address. However, in October 2007, HSBC's legal counsel definitively informed Plaintiff's legal counsel for the first time that HSBC would not be returning Plaintiff's personal property because it was no longer in possession of Plaintiff's personal effects and that her personal property had been "given" to Plaintiff's husband – which Plaintiff's husband expressly denies.

On September 17, 2007 Plaintiff's legal counsel requested information regarding details pertaining to the date and HSBC parties involved in the purported transfer of personal property – which request for information has been ignored.

Accordingly, Plaintiff timely seeks to augment her complaint to add a new claim relevant to conversion (an intentional tort) and the related demand for punitive damages as permitted under the law of the District of Columbia in order to protect Plaintiff's rights.

C. **Claim Intentional Infliction of Emotional Distress**

In its opposition, HSBC argues that the court should deny Plaintiff's motion to add a new claim for intentional infliction of emotion distress on the grounds of futility (because the proposed claim would purportedly fail to survive a motion to dismiss) and/or because Plaintiff purportedly failed to plead the proper elements.

However, the facts asserted in Plaintiff's proposed second amended complaint clearly establish the basis for this new claim –and should, under current law, survive a motion to dismiss.

In the proposed second amended complaint Plaintiff asserts that while she was employed by HSBC its managers developed a hostile and negative animus toward her, isolated her in the workplace, invaded her personal privacy by informing third party customers of its intention to terminate her employment (before she herself was notified of this action by HSBC), falsely accused her of criminal activity, intentionally deprived her of her personal property and otherwise took intentional steps that were intended to cause her emotional distress.

Specifically, in the second amended complaint Plaintiff asserts that once she was assigned to work in HSBC's D.C. office she was forced to work in an increasingly hostile, harassing and personally antagonistic work environment ( Second Amended Complaint, ¶ 21-27), that HSBC managers falsely accused her of criminal conduct in accepting "kickbacks" ( *Id*., ¶ 34), that HSBC intentionally converted and deprived her of her personal property (including family pictures, personal items of sentimental value, certificates, awards and accolades as well as copies of the very HSBC contracts involved in the case) ( *Id*., ¶ 35 and 62) and, before her employment was actually terminated, recklessly sought out customers served by Plaintiff for the purpose of

telling them that Plaintiff's employment was being terminated and implying that the reason for the termination was Plaintiff's wrongdoing – even before informing Plaintiff herself that she was being terminated. HSBC's actions have caused great shame, embarrassment and great emotional stress and strain for Plaintiff in her personal and professional life (*Id.*, ¶ 39 and 64).[1]

To establish a prima facie case of intentional infliction of emotion distress, a plaintiff must show (i) extreme and outrageous conduct on the part of the defendant which (ii) either intentionally or recklessly (iii) causes the plaintiff severe emotional distress. *Shoukoufeh Larijani v. Georgetown University*, 701 A.2d 41, 44 (D.C. 2002) (citing *Howard Univ. v. Best*, 484 A.2d 958, 985 (D.C. 1984).

In this case, the actions alleged by Plaintiff in her second amended complaint – when taken together and with all reasonable inferences drawn in Plaintiff's favor – amply demonstrate that Plaintiff was being aggressively and intentionally targeted and harassed by HSBC. As such, HSBC's conduct is of such a nature that when heard by the average member of the community would arouse the resentment against HSBC's actions and lead him to exclaim "Outrageous!" *Larijani*, at 44 citing *Homan v. Goyal*, 711 A.2d 812, 818 (D.C. 1998) (quoting RESTATEMENT (SECOND) OF TORTS §46 (1965)).

Accordingly, Plaintiff respectfully requests that the court grant her leave to amend her current complaint to add a new count relevant to HSBC's intentional actions intended to inflict emotional distress.

---

[1] Plaintiff's proposed second amended complaint asserts only those facts that Plaintiff is currently aware. Plaintiff, however, expressly reserves the right to augment her complaint appropriately to add additional claims based on information obtained during the course of discovery.

**Conclusion**

WHEREFORE, the Plaintiff respectfully requests that the Court grant her motion to file a second amended complaint to add additional claims against HSBC as set forth therein.

November 15, 2007

>Respectfully submitted,
>/s/ Patricia L. Payne
>Patricia L. Payne (DC Bar # 317586)
>Payne & Associates
>1250 24th St., N.W., Suite 300
>Washington, DC 20037
>(202) 835-1610
>
>*Counsel for Plaintiff Jacqueline Ames*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 15th day of November 2007, a copy of the foregoing was served by first class mail, postage prepaid, to David S. Cohen, Esq., Milbank, Tweed, Hadley & McCloy, LLP, 1850 K Street, N.W., Suite 1100, Washington, DC 20006.

>/s/ Patricia Payne, Esq.
>Patricia Payne