**UNITED STATES DISTRICT COURT**
**DISTRICT OF COLUMBIA**

| | |
|---|---|
| JACQUELINE AMES | : |
| | : |
|     Plaintiff, | : |
| | :    Case No. 06-2039-RMC |
| v. | : |
| | : |
| | : |
| HSBC Bank USA, N.A. | : |
| | : |
|     Defendant. | : |

**JOINT REPORT OF PARTIES' PROPOSED DISCOVERY PLAN**

Jacqueline Ames, by and through her counsel, Patricia Payne, Esq. of Payne & Associates, and HSBC Bank USA, N.A. ("HSBC"), by and through its counsel David Cohen, Esq. of Milbank, Tweed, Hadley & McCloy LLP ("Milbank"), met by teleconference on July 17, 2006 for the purpose of conferring as directed in Fed. R. Civ. P. 26(f), Local Rule 16.3 and the Order for Initial Scheduling Conference dated July 5, 2007.  The parties hereby submit their joint written report outlining their proposed discovery plan.

**I.**

**JACQUELINE AMES' BRIEF STATEMENT OF THE CASE**

Plaintiff Jacqueline Ames is a former employee of Defendant HSBC Bank.  Ms. Ames worked for HSBC for more than 18 years serving in various capacities during her tenure.

In 2004, at HSBC's request Ms. Ames agreed to transfer from HSBC offices in the State of New York and relocated to work in HSBC offices in Washington, D.C.  To induce her to continue her work relationship with HSBC, during the course of her employment HSBC promised to pay Ms. Ames certain incentive commissions, bonuses and other performance-based awards as compensation incentives ("Incentive Compensation").  Additionally, during the course

of her employment HSBC also offered Ms. Ames approximately 5, 000 stock options to purchase HSBC stock pursuant to its options plan.

HSBC involuntarily separated Ms. Ames from her employment by HSBC in 2005 for reasons that remain unclear. Following the termination of her employment, Ms. Ames repeatedly requested that HSBC honor its outstanding financial obligations owed to her and demanded that its pay the promised Incentive Compensation and permit her the right to exercise the promised stock options. Ms. Ames also sought the return of her personal property which she was forced to leave at HSBC premises following the termination of her employment. These requests were repeatedly denied by HSBC. Ms. Ames subsequently learned that prior to the termination of her employment that HSBC contacted customers and clients that she had been serving to inform them that Ms. Ames was being released by HSBC with the suggestion that that the termination had been caused as a result of wrongdoing by Ms. Ames.

Ms. Ames amended complaint seeks to enforce the terms agreed to by the parties and seeks approximately $100,000 in damages (along with accrued interest and attorneys fees, costs and expenses incurred in connection with the case) arising out of (i) common law claims under theories of breach of express contract, breach of implied contract and breach of covenant of good faith and fair dealing, and (ii) claims for unpaid wages under the D.C. Wage and Hour Law.

In October, Ms. Ames filed a motion to further amend her complaint relevant to her claims against HSBC arising out of: (i) the conversion of her personal property, (ii) HSBC's unjust enrichment and promissory estoppel, and (iii) HSBC's intentional infliction of emotional distress.

### HSBC'S BRIEF STATEMENT OF THE CASE

This case involves a purported claim to compensation following Ms. Ames' termination of employment from HSBC. In her complaint, Ms. Ames alleges that she is owed approximately

$100,000 in contractual damages which she was allegedly improperly denied after being fired from HSBC.  HSBC denies Ms. Ames' allegations.  HSBC alleges that no contract existed between it and Ms. Ames, that Ms. Ames was properly terminated for cause, and that Ms. Ames cannot assert a claim under the District of Columbia's wage statutes because she was a bona fide executive at the time of her termination from HSBC.

On October 24, 2007, more than one year after filing her original complaint, Ms. Ames filed a motion to file a second amended complaint in which she seeks to add claims of conversion, unjust enrichment, promissory estoppel, and intentional infliction of emotional distress.  These claims, like those present in her first and second amended complaints, are equally without merit.

At this time, HSBC has not asserted any counterclaims against Ms. Ames.

## II.

## JOINT REPORT

Ms. Ames and HSBC submit this joint report as follows:

1.  **Dispositive Motions**.  On December 6, 2006, Defendant HSBC filed a motion to dismiss the complaint which motion was denied by the Court on May 11, 2007.  On October 24, 2007, Ms. Ames filed a motion to file a second amended complaint in which she seeks to add claims of conversion, unjust enrichment, promissory estoppel, and intentional infliction of emotional distress. HSBC believes that one or more of these new claims is subject to a motion to dismiss, and if Ms. Ames' motion to amend is granted HSBC will accordingly file such motion. Following completion of discovery, if there is no question of fact whether Ms. Ames was a bona fide executive while employed by HSBC, the parties believe that this case may be resolved by a motion for summary judgment.

2. **Joinder and Amendments**. The parties do not anticipate joining any other parties at this time.

3. **Assignment to Magistrate**. The parties do not consent to conducting pre-trial proceedings or trial before a Magistrate Judge.

4. **Possibility of Settlement**. The parties do not believe there is a realistic possibility of settling the case.

5. **ADR**. The parties do not consent to Alternative Dispute Resolution.

6. **Summary Judgment; Motion to Dismiss**. On October 24, 2007, Ms. Ames filed a motion to file a second amended complaint in which she seeks to add claims of conversion, unjust enrichment, promissory estoppel, and intentional infliction of emotional distress. HSBC believes that one or more of these new claims is subject to a motion to dismiss, and if Ms. Ames' motion to amend is granted HSBC will accordingly file such motion. The parties further believe that, following completion of discovery, if there is no question of fact whether Ms. Ames was a bona fide executive while employed by HSBC, this case may be resolved by a motion for summary judgment.

7. **Initial Disclosures**. Pursuant to Fed. R. Civ. P. 26(a)(1), the parties agree that initial disclosures will be made on or before December 17, 2007, which initial disclosures shall include (*i*) a list of individuals likely to have discoverable information, and (*ii*) a description by category and location of relevant documents.

8. **Discovery Schedule**. The parties are to conduct discovery in accordance with the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the District of Columbia. All fact discovery shall be completed no later than May 9, 2008. The

parties believe that a protective order is necessary for protection of confidential and personal information.

9. **Exchange of Expert Reports**. The parties do not anticipate the use of expert witnesses in this case.

10. **Class Action Issues**. The parties do not anticipate this case becoming a class action.

11. **Bifurcation; Phased Trial**. The parties do not believe that the trial and/or discovery should be bifurcated or managed in phases.

12. **Pretrial**. A pre-trial conference shall be held on May 12, 2008.

13. **Trial Date**. The Court should set a firm trial date at the first scheduling conference in this case.

14. **Other Matters**. At this time, the parties do believe that certain orders should be entered by the Court under Rule 26(c) or Rule 16(b) and (c). Specifically, the parties will likely agree that a confidentiality order will be appropriate in this case. The parties are also awaiting a court's ruling on Plaintiff's motion to amend her complaint.

Dated:    Washington, DC
          November 26, 2007

Respectfully submitted,

By:  /s/ Patricia L. Payne
     Patricia L. Payne, Esq. (# 317586)
     Payne & Associates
     1250 24th St., N.W., Suite 300
     Washington, D.C. 20003
     Telephone: (202) 835-1610

*Attorneys for Plaintiff*

By:  /s/ David S. Cohen
     David S. Cohen (#450107)
     Daniel DeSouza (#492637)
     MILBANK TWEED HADLEY &
     McCLOY LLP
     1850 K Street, N.W., Suite 1100
     Washington, D.C. 20006
     Telephone: (202) 835-7517

*Attorneys for Defendant*