UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

_____

| | |
|---|---|
| JACQUELINE AMES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 06-2039-RMC |
| vs. | ) |
| | ) |
| HSBC BANK USA, N.A., | ) |
| | ) |
| Defendant. | ) |

_____)

**ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT**

HSBC Bank USA, N.A. (hereinafter "HSBC"), by its undersigned attorneys, Milbank, Tweed, Hadley & McCloy LLP, as and for its Answer to Plaintiff's Second Amended Complaint ("Answer"), respectfully pleads as follows:

**PARTIES AND VENUE**

1. HSBC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of the Second Amended Complaint, and denies each and every allegation contained in that paragraph on that ground.

2. HSBC admits it is a national banking association whose articles of association designate Delaware as the location of its main office. The remaining allegations contained in Paragraph 2 of the Second Amended Complaint consist of legal conclusions as to which no response is required.

3.     HSBC is without knowledge or information sufficient to admit or deny the allegations contained in Paragraph 3 of the Second Amended Complaint.

## JURISDICTION

4.     The allegations contained in Paragraph 4 of the Second Amended Complaint consist of legal conclusions as to which no response is required.

## FACTUAL ALLEGATIONS

5.     HSBC admits that Plaintiff was hired by HSBC in approximately 1987, and while employed by HSBC held various positions, including Assistant Vice President – Sales, Vice President – Branch Manager, and Vice President of Embassy Banking & Business Development.  HSBC is without knowledge or information sufficient to form a belief as to the meaning of the phrase "distinguished career," and cannot form a response. HSBC denies each of the remaining allegations remaining in Paragraph 5 of the Second Amended Complaint.

6.     To the extent Paragraph 6 of the Second Amended Complaint contains legal conclusions, no response is required.  To the extent a response is required, HSBC is without knowledge or information sufficient to form a belief as to the meaning of the phrase "[a]t all times relevant in this complaint," and cannot form a response.  HSBC denies each of the remaining allegations remaining in Paragraph 6 of the Second Amended Complaint.

7.     To the extent Paragraph 7 of the Second Amended Complaint contains legal conclusions, no response is required.  To the extent a response is required, HSBC is without knowledge or information sufficient to form a belief as to the meaning of the phrase "[a]t all times relevant in this complaint," and cannot form a response.  HSBC

denies each of the remaining allegations remaining in Paragraph 7 of the Second Amended Complaint.

  8. To the extent Paragraph 8 of the Second Amended Complaint contains legal conclusions, no response is required.  To the extent a response is required, HSBC is without knowledge or information sufficient to form a belief as to the meaning of the phrase "[a]t all times relevant in this complaint," and cannot form a response.  HSBC denies each of the remaining allegations remaining in Paragraph 8 of the Second Amended Complaint.

  9. To the extent Paragraph 9 of the Second Amended Complaint contains legal conclusions, no response is required.  To the extent a response is required, HSBC is without knowledge or information sufficient to form a belief as to the meaning of the phrase "[a]t all times relevant in this complaint," and cannot form a response.  HSBC denies each of the remaining allegations remaining in Paragraph 9 of the Second Amended Complaint.

  10. HSBC admits that in 2004, Plaintiff transferred from New York to Washington, D.C. to assume the position of Vice President of Embassy Banking & Business Development.

  11. To the extent Paragraph 11 of the Second Amended Complaint contains legal conclusions, no response is required.  To the extent a response is required, HSBC denies each and every allegation contained in Paragraph 11 of the Second Amended Complaint.

  12. HSBC admits that the language quoted in Paragraph 12 is an accurate transcription of portions of two sentences of the introductory paragraph of HSBC's 2005

"Go for the Gold" bonus plan. HSBC denies each of the remaining allegations remaining in Paragraph 12 of the Second Amended Complaint.

  13. To the extent Paragraph 13 of the Second Amended Complaint contains legal conclusions, no response is required. To the extent a response is required, HSBC denies each and every allegation contained in Paragraph 13 of the Second Amended Complaint.

  14. To the extent Paragraph 14 of the Second Amended Complaint contains legal conclusions, no response is required. To the extent a response is required, HSBC denies each and every allegation contained in Paragraph 14 of the Second Amended Complaint.

  15. To the extent Paragraph 15 of the Second Amended Complaint contains legal conclusions, no response is required. To the extent a response is required, HSBC denies each and every allegation contained in Paragraph 15 of the Second Amended Complaint.

  16. To the extent Paragraph 16 of the Second Amended Complaint contains legal conclusions, no response is required. To the extent a response is required, HSBC denies each and every allegation contained in Paragraph 16 of the Second Amended Complaint.

  17. To the extent Paragraph 17 of the Second Amended Complaint contains legal conclusions, no response is required. To the extent a response is required, HSBC denies each and every allegation contained in Paragraph 17 of the Second Amended Complaint.

18. HSBC denies each and every allegation contained in Paragraph 18 of the Second Amended Complaint.

19. HSBC denies each and every allegation contained in Paragraph 19 of the Second Amended Complaint.

20. HSBC denies each and every allegation contained in Paragraph 20 of the Second Amended Complaint.

21. HSBC denies each and every allegation contained in Paragraph 21 of the Second Amended Complaint.

22. HSBC denies each and every allegation contained in Paragraph 22 of the Second Amended Complaint.

23. HSBC denies each and every allegation contained in Paragraph 23 of the Second Amended Complaint.

24. HSBC admits that as part of Plaintiff's responsibilities as Vice President of Embassy Banking & Business Development, she was expected to develop certain embassy clients and accounts. HSBC denies each of the remaining allegations remaining in Paragraph 24 of the Second Amended Complaint.

25. HSBC denies each and every allegation contained in Paragraph 25 of the Second Amended Complaint.

26. HSBC denies each and every allegation contained in Paragraph 26 of the Second Amended Complaint.

27. HSBC denies each and every allegation contained in Paragraph 27 of the Second Amended Complaint.

28. HSBC denies each and every allegation contained in Paragraph 28 of the Second Amended Complaint.

29. HSBC denies each and every allegation contained in Paragraph 29 of the Second Amended Complaint.

30. To the extent Paragraph 30 of the Second Amended Complaint contains legal conclusions, no response is required. To the extent a response is required, HSBC denies each and every allegation contained in Paragraph 30 of the Second Amended Complaint.

31. HSBC denies each and every allegation contained in Paragraph 31 of the Second Amended Complaint.

32. HSBC denies each and every allegation contained in Paragraph 32 of the Second Amended Complaint.

33. To the extent Paragraph 33 of the Second Amended Complaint contains legal conclusions, no response is required. To the extent a response is required, HSBC denies each and every allegation contained in Paragraph 33 of the Second Amended Complaint.

34. HSBC denies each and every allegation contained in Paragraph 34 of the Second Amended Complaint.

35. HSBC admits that it terminated Plaintiff's employment with HSBC in 2004. HSBC denies each of the remaining allegations remaining in Paragraph 35 of the Second Amended Complaint.

36. To the extent Paragraph 36 of the Second Amended Complaint contains legal conclusions, no response is required. To the extent a response is required, HSBC

denies each and every allegation contained in Paragraph 36 of the Second Amended Complaint.

37. HSBC denies each and every allegation contained in Paragraph 37 of the Second Amended Complaint.

38. HSBC denies each and every allegation contained in Paragraph 38 of the Second Amended Complaint.

39. HSBC denies each and every allegation contained in Paragraph 39 of the Second Amended Complaint.

## COUNT I

40. HSBC adopts and incorporates by reference its responses to the paragraphs above as if fully set forth herein.

41. To the extent Paragraph 41 of the Second Amended Complaint contains legal conclusions, no response is required. To the extent a response is required, HSBC denies each and every allegation contained in Paragraph 41 of the Second Amended Complaint.

42. To the extent Paragraph 42 of the Second Amended Complaint contains legal conclusions, no response is required. To the extent a response is required, HSBC denies each and every allegation contained in Paragraph 42 of the Second Amended Complaint.

## COUNT II

43. HSBC adopts and incorporates by reference its responses to the paragraphs above as if fully set forth herein.

44. To the extent Paragraph 44 of the Second Amended Complaint contains legal conclusions, no response is required. To the extent a response is required, HSBC denies each and every allegation contained in Paragraph 44 of the Second Amended Complaint.

45. To the extent Paragraph 45 of the Second Amended Complaint contains legal conclusions, no response is required. To the extent a response is required, HSBC denies each and every allegation contained in Paragraph 45 of the Second Amended Complaint.

## COUNT III

46. HSBC adopts and incorporates by reference its responses to the paragraphs above as if fully set forth herein.

47. HSBC denies each and every allegation contained in Paragraph 47 of the Second Amended Complaint.

48. To the extent Paragraph 48 of the Second Amended Complaint contains legal conclusions, no response is required. To the extent a response is required, HSBC denies each and every allegation contained in Paragraph 48 of the Second Amended Complaint.

49. To the extent Paragraph 49 of the Second Amended Complaint contains legal conclusions, no response is required. To the extent a response is required, HSBC denies each and every allegation contained in Paragraph 49 of the Second Amended Complaint.

## COUNT IV

50. HSBC adopts and incorporates by reference its responses to the paragraphs above as if fully set forth herein.

51. HSBC denies each and every allegation contained in Paragraph 51 of the Second Amended Complaint.

52. To the extent Paragraph 52 of the Second Amended Complaint contains legal conclusions, no response is required. To the extent a response is required, HSBC denies each and every allegation contained in Paragraph 52 of the Second Amended Complaint.

53. To the extent Paragraph 53 of the Second Amended Complaint contains legal conclusions, no response is required. To the extent a response is required, HSBC denies each and every allegation contained in Paragraph 53 of the Second Amended Complaint.

54. To the extent Paragraph 54 of the Second Amended Complaint contains legal conclusions, no response is required. To the extent a response is required, HSBC denies each and every allegation contained in Paragraph 54 of the Second Amended Complaint.

## COUNT V

55. HSBC adopts and incorporates by reference its responses to the paragraphs above as if fully set forth herein.

56. To the extent Paragraph 56 of the Second Amended Complaint contains legal conclusions, no response is required. To the extent a response is required, HSBC

denies each and every allegation contained in Paragraph 56 of the Second Amended Complaint.

57. To the extent Paragraph 57 of the Second Amended Complaint contains legal conclusions, no response is required. To the extent a response is required, HSBC denies each and every allegation contained in Paragraph 57 of the Second Amended Complaint

## COUNT VI

58. HSBC adopts and incorporates by reference its responses to the paragraphs above as if fully set forth herein.

59. To the extent Paragraph 59 of the Second Amended Complaint contains legal conclusions, no response is required. To the extent a response is required, HSBC denies each and every allegation contained in Paragraph 59 of the Second Amended Complaint.

60. To the extent Paragraph 60 of the Second Amended Complaint contains legal conclusions, no response is required. To the extent a response is required, HSBC denies each and every allegation contained in Paragraph 60 of the Second Amended Complaint.

## COUNT VII

61. HSBC adopts and incorporates by reference its responses to the paragraphs above as if fully set forth herein.

62. To the extent Paragraph 62 of the Second Amended Complaint contains legal conclusions, no response is required. To the extent a response is required, HSBC

denies each and every allegation contained in Paragraph 62 of the Second Amended Complaint.

HSBC denies each and every allegation contained in the Wherefore Clause of the Second Amended Complaint, including subparts (a) through (g) thereof. In addition, HSBC denies each and every allegation of the Second Amended Complaint not specifically admitted herein. HSBC further denies that Plaintiff is entitled to any of the relief requested, and demands strict proof of each element of Plaintiff's claims and asserted damages.

## Affirmative Defenses

For its further and separate affirmative defenses to the Second Amended Complaint and the claims Plaintiff purports to assert therein, and without assuming the burden of proof on any matters for which that burden rests with Plaintiff, HSBC alleges:

## First Defense

1. Plaintiff's Second Amended Complaint fails to state a claim upon which relief can be granted.

## Second Defense

2. Plaintiff's claims are barred, in whole or in part, because Defendants did not engage in any conduct that would constitute a breach of contract.

## Third Defense

3. Plaintiff's claims are barred, in whole or in part, by the express terms and conditions of the alleged agreement and/or agreements that Plaintiff alleges to have been violated.

### Fourth Defense

4.      Plaintiff's claims are barred, in whole or in part, by the equitable doctrine of laches.

### Fifth Defense

5.      Plaintiff's claims are barred, in whole or in part, because Plaintiff has failed to mitigate damages, if any.

### Sixth Defense

6.      Plaintiff's claims are barred, in whole or in part, because Plaintiff was paid all she was entitled to under the alleged agreement/agreements that Plaintiff alleges to have been violated.

### Seventh Defense

7.      HSBC intends to rely upon such other and further defenses as may become available or apparent during discovery in this case, and reserves the right to amend its answer to assert any such defense.

Dated: December 6, 2007          Respectfully Submitted,

/s/ David S. Cohen
David S. Cohen (D.C. Bar No. 450107)
Daniel DeSouza (D.C. Bar No. (492637)
MILBANK, TWEED, HADLEY & McCLOY LLP

1850 K Street, N.W., Suite 1100
Washington, D.C.  20006
Tel: (202) 835-7500
Fax: (202) 835-7586
*Attorneys for Defendant HSBC Bank USA, N.A.*

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing document, **Answer to Plaintiff's Second Amended Complaint**, was caused to be served on the following counsel of record via electronic mail with a confirmation copy via first class mail on December 6, 2007:

>Patricia L. Payne
>Payne & Associates, Ltd.
>1250 24th Street, NW Suite 300
>Washington, D.C. 20037
>Tel: (202) 835-1610

>/s/ Daniel DeSouza
>Daniel DeSouza